TAYLOR *v.* DUSTIN.

43   493
67   322

A judgment is not admissible in evidence, unless it appears on the face of the record, or is shown by extrinsic evidence, that the matters in issue in the first case were the same as in the case on trial.

A declaration for obstructing a water-course by means of *a* dam, may be amended by inserting *two* dams.

Proof of the nature, amount, and profits, of the business done at the mill alleged to be obstructed, is admissible where the declaration alleges the loss of such profits.

CASE, for that whereas the plaintiff, John Taylor, was possessed of a certain water mill, &c., called a woolen factory, &c., on the Spiggot river, with a dam, &c., and by reason, &c., ought to have had, and still, &c., the benefit of the water, &c., which, during, &c., ought to have run, &c., without detention, &c., to the mills, &c., of the plaintiff, &c.; yet the defendant, Obadiah Dustin, &c., October 1, 1854, and on divers, &c., wrongfully, &c., by means of a certain dam across said stream, above the plaintiff's dam, detained,

&c., the water, &c., from coming to his mill, &c., obliging the same to stand still, &c., and at other times letting out the water through said dam so suddenly, in such large quantities, and at times so unseasonable, &c., that the water ran over the plaintiff's dam, away from his mill, &c., and wasted; and the water, &c., was prevented from flowing in a smooth and natural manner, &c., to said mill, &c., as of right, &c., the plaintiff thereby, &c., could not use his mill, &c., or exercise, &c., his business, &c., but was, &c., deprived of the use of his mill, &c., and of all profits, &c.

The second and third counts alleged the obstruction and waste of the water in more brief and general terms.

Before the commencement of the trial, the plaintiff moved to amend his counts, so that they should read, by means of two certain dams. The court allowed the amendment, and the defendant excepted.

The plea was the general issue. The plaintiff offered evidence tending to show that he was a manufacturer of woolen flannels, and the owner of mills on Spiggot river; and, to prove the amount of damages sustained, he offered evidence to show the price paid for wool, the cost of its manufacture, the number of yards manufactured per day, the price per yard for which it was sold, and the length of time the mill was obliged to lie still, by reason of the defendant's management; which was admitted, subject to exception.

The defendant, during the time in question, held half of his mills by deed from William Clendenin, and the other half by lease from Benjamin Clendenin.

The defendant offered in evidence a copy of a judgment recovered at the court of common pleas for Rockingham county, Sept. term, 1842, by William and Benjamin Clendenin against John Taylor. The declaration was trespass *quare clausum*, with a *continuando* from July 20, 1841, giving the boundaries in which, &c., and in aggravation of damages, alleged that said Taylor forced and raised up a water gate in a dam on said premises, and injured the same, and broke the fastenings thereof, of the value of five dollars; and by hoisting the said gate, suffered the water ponded and kept back by said dam and gate, for the use, &c., of the plaintiff's mills, to escape and run to waste, &c. Taylor pleaded the general issue, with a brief statement that the defendant would prove and rely, &c., on the facts following: that the defendant, &c., owned, &c., a mill privilege and mills, &c., below the plaintiff's dam, &c., and upon the same stream, &c., and said dam and gate were erected across said stream above his said mills, &c., and at the times when, &c., the water, &c., was detained, &c., by said dam and gate, so as greatly to injure the defendant in the use, &c., of his mills, &c.; wherefore, at the times when, &c., the defendant entered said close and raised, &c., said gate, so as to let the water, &c., flow, &c., to his mills, &c., as it lawfully should, and so as to enable him to use, &c., his mills, &c., as he had a right to do, doing as little damage, &c., all which he might lawfully do. The defendant claimed that, during the time in question in this action, he occupied the same premises described in Clendenin's writ, and held the same title they had.

The plaintiff objected to the admissibility of said judgment in evidence for any purpose, and that if admissible at all, it was not conclusive; whereupon the case was taken from the jury and referred to the court upon the questions of law arising upon the foregoing statement.

*G. C. Bartlett*, and *Small*, for the plaintiff.

*C. H. Bell*, and *Wilcox*, for the defendant.

BELL, C. J.   The amendment allowed was competent and proper if it did not change the cause of action, and is not inconsistent with the cause of action originally alleged.   General Rule 16, 38 N. H. 583.   The substantial grievance alleged in the original declaration, was the wrongful obstruction of the natural current of the Spiggot river at some times, and the wrongful discharge of excessive quantities of the water kept back at other times, to the injury of the plaintiff's mills below.   The means by which this injury was effected, though proper and necessary to be stated, are yet but circumstances connected with the wrong, in nowise essential to the cause of action. The injury is the same, whether caused by one dam or two, and a general declaration alleging that the defendant obstructed the stream by placing therein large quantities of stones, earth, timbers, planks, &c., and by removing the same, or part thereof, caused the water to flow in excessive quantities, &c., would probably be good, and would admit proof of as many dams as there were contributing to the mischief.   *Bassett* v. *Salisbury Manf. Co.*, 28 N. H. 438.   The declaration then admitted of such an amendment, and the application being made to the discretion of the court, its decision will not be revised unless specially referred to our decision by the judge himself.   No facts appear upon which we can properly revise the order of the court below, if understood to be so referred to us. *Stevenson* v. *Mudgett*, 10 N. H. 338; *Merrill* v. *Russell*, 12 N. H. 79; *Haverhill Ins. Co.* v. *Prescott*, 42 N. H. 551.

The question of the admissibility of the judgment is settled by the case of *King* v. *Chase*, 15 N. H. 9.   " A verdict and judgment may be used as evidence between the same parties and their privies, in bar of another action for the same cause, if there is no opportunity to plead the judgment in bar; and when so used the evidence is conclusive; but they can not be used as evidence to the jury, merely to influence their opinion, because in a former action the jury decided in a particular manner, and thus to induce them to find the fact as the first jury found it.   The judgment is conclusive only upon the matter which was directly in issue in the former trial.   If, from the general nature of the pleadings, the matter in issue and which is tried in the case does not appear upon the record, it may be shown by extrinsic evidence.   By the matter in issue, is to be understood that matter upon which the plaintiff proceeds in his action, and which the defendant controverts by his pleadings.   Facts offered in evidence to establish the matter which is in issue, are not them-

selves in issue within the meaning of the rule, although they may be controverted on the trial."

It appears that the declaration in the case of which the record is offered in evidence, alleged an entry by Taylor upon the lands of Clendenin, and a wrongful raising of the gates of his mill-dam. Taylor, under the general issue, gave notice of a justification; that the dam in question wrongfully obstructed the water of the stream, and prevented the working of his mill below, wherefore he raised the gates as he lawfully might. Under these pleadings the right to obstruct the water by this dam might come in issue, and if so, the verdict and judgment may be conclusive that the then defendant's dam was at that time wrongfully maintained. If, then, the defendant should prove that the mill and dam now owned by the plaintiff, is the same then owned by him; that the mills and dam, owned by the Clendenins then, were the same now owned by the defendant; and that the case then turned upon the alleged want of right of the now defendant to obstruct the water; the evidence will be both admissible and conclusive. If the issue now involved can not be shown to be the same then tried, the evidence is incompetent. The questions to be tried between mill-owners after the lapse of fourteen to eighteen years, are not necessarily nor even presumptively the same as they were at the earlier date; but if *primâ facie* evidence is introduced to show that they are the same, the judgment must be received as conclusive, unless that evidence is overthrown by proof that the question then in issue was materially different from that now to be decided. *Chamberlain* v. *Carlisle*, 26 N. H. 550; *Demeritt* v. *Lyford*, 27 N. H. 541; *Lamprey* v. *Nudd*, 29 N. H. 303. In this case there was nothing before the court to show what was the matter in issue. Any one of the matters alleged in the writ may have been in controversy to the exclusion of every thing else. So the matters alleged in the brief statement may have been in controversy, and may have been decided; but this can not be assumed without evidence. The fact that such a defense was proposed to be made, does not prove that it was made. [See note.]

It does not appear by the statement that the former case was ever in fact tried, or adjudicated, and that fact is denied by the defendant's counsel in the argument.

The returns of public officers, the admissions of parties, and the recitals of what was done in court, are conclusive—not open to be contested—upon other grounds than the principle that a *res judicata*, a matter once tried and decided, shall not again be brought into dispute. *Tibbetts* v. *Tilton*, 31 N. H. 273. Allegations and statements made by the parties are not binding upon any body but themselves and their privies, and it is only when they are found to be true by the verdict of the jury, or are otherwise the bases of the judgment, that they become binding upon others.

Independent of evidence as to the points in issue upon the trial, the record of a judgment upon a general declaration only shows that there was once a law-suit about the property, in which something was decided. Such evidence would be inadmissible for want of materiality.

We are not aware of any well-founded objection to the evidence offered of the amount of damages sustained by the plaintiff. The allegation in the writ, that the plaintiff "was during all that time deprived of the use of his said mill and works, and of all the benefits, profits, gains and advantages which he would otherwise have made," seems "a specific allegation of a special injury" quite sufficient to render the evidence admissible. It was calculated to give a just idea of the loss sustained by the interruption of the business. The chief objection to it is the prolixity into which the examination might run.    *Stevens* v. *Lyford*, 7 N. H. 362.

> *Case sent back for trial.*

NOTE. In *Shafer* v. *Stonebraker*, 4 G. & J. 345, an action for wrongfully backing water upon the plaintiff's mill from a mill-dam below, the defendant pleaded a former action for backing the water, in which the jury found for the defendant, and insisted on it as an estoppel. The plea was held ill. The court said of the former action: "The plea of not guilty in the first action, put in issue not only every material fact contained in the declaration, but every defense admissible in evidence under such a plea, of which the defendant should offer testimony. And under this form of action the defendant may give evidence of a release, satisfaction, award, license to raise and stop the dam and back the water, until the time of issuing the writ in the first action, or any justification, or excuse, or whatever will in equity and conscience, according to the existing circumstances, preclude the plaintiff from recovering." Among this group of circumstances, they declare it is impossible to see on which the case turned so as to apply the estoppel: whether on want of seizin in the plaintiff, or right in the defendant, or on the fact that the dam was not raised or stopped, that the water was not stopped, or backed, that the plaintiff had released, or been satisfied, or licensed the injury, &c. See *People* v. *Merwin*, 3 Hill (N. Y.) 418.