## In the matter of CHIAPELLA vs. COUPREY ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

A distinction or difference necessarily exists between the office of a testamentary executor or administrator of an inheritance or succession, and that of a tutor or guardian. The former deriving their authority in another state or foreign country, cannot exercise their office here, until they obtain authority from the competent tribunal or Court of Probates, to execute the will or administer the property of the succession in this state.

A tutor regularly appointed in another state or foreign country, his authority to sue for, recover, receive or take possession of property situated in this state, belonging to the inheritance of his ward, will be recognised here, without confirmation by any of the tribunals in this state.

So, a tutor residing in another state or foreign country, and regularly appointed by the law of his domicil, may exercise his office by an agent or attorney in fact, in relation to receiving or recovering the inheritance or property of his ward, in this state.

On the 16th July, 1834, the plaintiff obtained a judgment against the defendants, the widow and minors Couprey,

residing in France, by attaching property in New-Orleans. On a sale under execution by the sheriff of the property attached, it produced the sum of eleven thousand five hundred and ten dollars twenty-eight cents, over and above the plaintiff's demand. The attorney in fact of the tutrix of the minor heirs of Couprey, took a rule on the sheriff to show cause why he should not pay and deliver over the balance of the funds in his hands, arising from the sale of the property of the said minors.

The sheriff answered that he was ready to pay over the money, if the court considered the attorney in fact of Mrs. Couprey, the mother and tutrix of her minor children, authorised to receive it.

The documents introduced in evidence by the attorney in fact of the tutrix of said minors, show, that the tutrix resides with her said minors in Bordeaux, in France, and that she has been regularly confirmed in her office as tutrix, and authorised by the judgment of the French court, with the advice of a family meeting, to sell the property of the minors in this state, the same which has been seized and sold to satisfy the judgment of the present plaintiff.

The parish judge was of opinion that, by the papers and documents produced by the attorney in fact, it appeared that some judicial authority, either in this country or in France, must have a control over the funds of the minors, and that since the question happens to come to the knowledge of this court, it is proper it should watch over their interests and safety. Judgment was rendered, ordering the sheriff to place this sum of money on deposit, and at interest, in the Bank of the Consolidated Association, subject to the further order of the court. From this order or judgment, the attorney in fact of the tutrix appealed.

*Denis* argued this case, *ex parte,* for the appellant.

No counsel appeared for the sheriff, who submitted the case on his part.

*Mathews, J.,* delivered the opinion of the court.

This case commenced by attachment issued against the property of certain minors, residing in the kingdom of France, together with their mother, regularly confirmed in her office of natural tutrix, by competent authority of that kingdom, where these defendants are all domiciled and reside. The property seized by means of the attachment was regularly sold under a *fieri facias*, which issued on a judgment rendered in the suit, and produced a sum much more considerable than was necessary to satisfy the judgment and costs, which was received by the sheriff who sold, &c., and is still in his hands. From the proceedings and judgment thus rendered and executed, no appeal was taken, consequently their correctness and legality are not now subjects of inquiry.

In this situation of the cause, a certain F. M. Rouzaul, acting under a power of attorney from the tutrix of the minors, moved the court for an order on the sheriff to pay over to him, as attorney in fact, the balance of the money, the proceeds of the sale of the property of the minors, which had been sold, as above stated. His motion was finally over-ruled, and the court below ordered the money to be deposited in the Bank of the Consolidated Association, until further order, &c. From the judgment thus rendered, the applicant for the order to pay to him, appealed.

The evidence of the case shows that the person from whom the appellant derives his authority, was regularly recognised as tutrix of her children, by competent authority, in the place of their domicil; and the power and authority granted to him from her, to represent her in matters relating to the property of her minor children in this state, is not disputed.

The case presents two questions for solution: first, whether the tutrix, deriving her authority to act as such, in a foreign country, and from the laws and judicial acts of the government of that country, would be authorised to possess herself of the property of her wards in this state, without authority granted to that effect, by one of its courts of probates? Second,

if she could assume the rights and privileges belonging to her in the capacity of tutrix, without confirmation in her office here, can she delegate her power to another.

In coming to a decision on the first of these questions, a distinction or difference necessarily existing between the office of a testamentary executor or administrator of an inheritance or succession, and that of a tutor or guardian, must be kept in view. It has been settled by decisions of this court, in relation to the rights and duties appertaining to the former, that they cannot be exercised in this state, under the probate of a will in a foreign state, and authority there granted to carry it into execution, without causing the will to be here recorded, and obtaining authority from a competent tribunal to execute it: and an administrator by appointment in another state, is wholly without authority in this, to administer the property of a succession here situated, unless he be authorised to act by a court of probates in this state. These decisions were made in conformity with principles established by the courts of the United States, and the courts of the several states of the Union, in similar cases.

Whether our decisions in relation to testamentary executors, might not have been questioned according to general principles of the civil law, need not now be inquired into. This matter must be considered as settled.

A question touching the power of a tutor or guardian of minors, deriving his authority from the laws and tribunals of a foreign state, in relation to property belonging to the inheritance of his wards in this, has never before the appearance of the present case, directly and positively required a solution by this court.

Our jurisprudence, as it affects rights to property and the ordinary relations of persons in a state of civilized society, is mainly based on principles derived from the civil law, or the rules of states and countries, having that system as the basis of the municipal legislation.

We have not found it convenient, nor have we deemed it necessary, to consult extensively the treatises of authors and commentators on the civil law, relative to the subject

Eastern Dist.
*March,* 1835.

CHIAPELLA
*vs.*
COUPREY ET AL.

A distinction or difference necessarily exists between the office of a testamentary executor or administrator of an inheritance or succession, and that of a tutor or guardian. The former deriving their authority in another state or foreign country, cannot exercise their office here, until they obtain authority from the competent tribunal or Court of Probates, to execute the will or administer the property of the succession in this state.

now before us. We have, however, examined judge Story's commentaries on the conflict of laws, (a work highly commendable for the industry and learning which it displays) particularly that part of it which treats of the power and authority of foreign guardians and administrators.

A tutor regularly appointed in another state or foreign country, his authority to sue for, recover, receive or take possession of property situated in this state, belonging to the inheritance of his ward, will be recognised here, without confirmation by any of the tribunals in this state.

The result of this examination has brought us to the conclusion, that in countries governed by laws similar to our own, the authority of a tutor regularly appointed in one state, to sue for and recover, or take possession of property situated in another, belonging to the inheritance of his ward, would be recognised in the latter, without confirmation by its tribunals.

It does not occur to us that any positive provision, contrary to this doctrine, exists in the laws of this state, and so long as foreigners are permitted to inherit property in this country, we are unable to perceive any good reason why impediments should be thrown in their way in a pursuit to recover and take possession of it, unless in a case where it was shown that the interests of our own citizens would probably suffer by its abstraction.

In conclusion on this point, it may not be useless to suggest the distinction between the situation of testamentary executors and administrators, and that of tutors, in relation to successions. The office of the former is merely administrative, and of very short duration, and confined solely to the property of the estate; whilst the latter have the guardianship and protection of minor heirs committed to their charge, and are bound to provide for their maintenance and education, and this for a considerable length of time; all to be effected by means of the funds of their wards. They would be unable to perform the duties required of them, if the possession of the successions, which they have a right to administer, was withheld from them.

So, a tutor residing in another state or foreign country, and regularly appointed by the law of his domicil, may exercise his office by an agent or attorney in fact, in relation to receiving or recovering the inheritance or property of his ward, in this state.

As to the second question propounded, we think it must be answered in the affirmative. No valid reason suggests itself to our minds, why a tutor should not be permitted to manage the estate of his wards, by means of the agency of an attorney in fact, as well as any other person. In practice, we believe, this often occurs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the sheriff do pay over to the attorney in fact, F. M. Rouzaul, appointed by Catherine Lachais, widow Couprey, as tutrix of her minor children, &c., the money now in his hands, viz: eleven thousand five hundred and ten dollars and twenty-eight cents, being the proceeds of property sold by him, belonging to said children, as heirs of Henry Couprey, &c. The costs arising out of the motion made by said attorney in fact in the court below, and those of this court, to be paid out of the funds now in the hands of the sheriff, &c.