STATE OF LOUISIANA *vs.* JUDGE BERMUDEZ,

ON AN APPLICATION FOR A MANDAMUS.

Eastern Dist.
*April*, 1839.

STATE
*vs.*
J'GE. BERMUDEZ

When a foreign will, duly authenticated and admitted to probate in the country of the testator's domicil, is presented for registry in a parish of this state, and no dative testamentary executor is asked for, and it not appearing that there are any creditors, heirs, or legatees here, and the property is moveable, the judge of probates in such cases is bound to admit the registry and execution of the will, without any other form than that of registry.

This case comes before the court on an application for a *mandamus* to the judge of probates for the parish and city of New-Orleans, commanding him to order the execution and registry of the will of Robert Wardlaw Ramsay, deceased, late a resident of Great Britain, which was made and duly authenticated and admitted to probate in that country.

Ambrose Lanfear, resident in New-Orleans, appeared and made affidavit that he was the attorney in fact of Messrs. John Wardlaw, Alexander Pringle, and John Smith Cunningham, all residents of Great Britain, and in their behalf presented the following petition for a *mandamus* :

" That Robert Wardlaw Ramsay, also a resident of Great Britain, died in England, leaving his last will and testament duly executed, whereby he appointed these petitioners his testamentary executors ; that said will has been duly proved before a competent judge of the place where it was received, and that a duly certified and authenticated copy of said will and probate has been delivered to petitioners by the competent tribunal aforesaid.

Petitioners further aver, that although said deceased was a resident of Great Britain, aforesaid, and although his principal estate and fortune were in that country, was possessed of certain shares of the capital stock of the Louisiana State Bank, an incorporated institution of this state, established in the city of New-Orleans, and that not only by the terms of said will, but also by the established law of Great Britain, the country where it was made, the property in said stock became vested in petitioners, who have a title thereto.

Petitioners further show, that by the laws of this state it is provided, that testaments made in foreign states cannot be carried into effect on property in this state, without being registered in the court within the jurisdiction of which the property is situated, and the execution thereof ordered by the judge; (*Louisiana Code, article* 1681;) and that in compliance with the law, and in order to obtain said stock, they made application to the Court of Probates, in and for the parish and city of New-Orleans, where said property is situated, for an order for the registry and execution of said testament, and did annex to the petition to said court, a duly authenticated copy of said will, and of the probate thereof.

Petitioners aver, that judge J. Bermudez, the judge of said court, refuses to give the order, which by law he is bound to give, for the execution and registry of said will, but declares that he will give no such order, without coupling with it a further order appointing dative testamentary executors, which further order, if given, would in reality annul that which by law he is bound to give, and render it nugatory, and would subvert and prevent the execution of the will, instead of aiding it, as the law requires.

Petitioners, therefore, humbly pray your honorable court to issue an order to the said judge Bermudez, directing him to give an order for the execution and registry of said will, as provided for in article 1681 and 1682 of the Louisiana Code, and *without imposing any conditions, nor requiring any formalities not provided for in said two articles* of the Code; or that the said judge Bermudez show cause to the contrary, within a certain time, to be fixed by this court, and that the court will grant such other order in the premises as justice may require.

A rule was taken on the judge of probates, ordering him to grant the prayer of the petitioners, or show cause to the contrary.

The judge showed for cause; " 1st. That a final decree was rendered in this case on the 24th December last, (1838) and signed by me on the 22d March instant, (1839,) from

which decree I have always been, and am still ready to grant an appeal ; it being, in my opinion, the only remedy the applicants are entitled to. The decree reads as follows: 'It is ordered, that the accompanying duly certified copy of the last will and testament, and the documents and certificates thereto annexed, be registered, homologated, and carried into execution. And, inasmuch as the testamentary executors in said will named, reside permanently out of the state of Louisiana, to wit, in the kingdom of Great Britain, it is ordered, that Christopher Adams, junior, be appointed dative testamentary executor of the deceased Robert Wardlaw Ramsay, upon his complying with all the legal requisites of the law.'

2. I answer next, that the above decree was rendered by me in conformity with the settled jurisprudence of the state, as evinced by the repeated decisions of the supreme court, in the cases of *Berluchaux* vs. *Berluchaux et al., 7 Louisiana Reports,* 539 ; 8 *Louisiana Reports,* 84 ; 9 *Louisiana Reports,* 234; to which cases I call the attention of this honorable court, expressly denying to the applicants the right of restricting me to the two articles of the Louisiana Code by them quoted, as if the whole compass of the laws and jurisprudence of this state was not open to me."

Upon this issue the court pronounced the following judgment, making the rule absolute.

*Benjamin* and *Grima,* for the application.

*Eustis, J.,* delivered the opinion of the court.

In this case we granted a rule on the judge of the Court of Probates, to show cause why he should not grant an order for the registry and execution of the will of the deceased, as provided in articles 1681 and 1682 of the code.

It is stated, in the petition, that the will was made in England, and has been admitted to probate there ; that a copy duly authenticated of the will and probate thereof, has been presented to the judge of the court of probates by the

EASTERN DIST.
*April*, 1839.

STATE
*vs.*
J'GE. BERMUDEZ

petitioners, who are the testamentary executors, with a prayer for an order for the execution and registry of the will. They allege, that the judge refuses to give an order for the registry and execution of the will, without coupling with it an order for the appointment of a dative testamentary executor. They pray for a *mandamus* to the judge of the Court of Probates, commanding him to give an order for the registry and execution of the will, absolutely and unconditionally.

The rule was served on the judge of the Court of Probates, on the 21st of March last.

The judge, in answer to the rule, states, that a final decree was rendered in this case on the 24th of December last, and signed on the 22d of March instant, from which he has always been ready to grant an appeal, which he considers to be the only remedy the applicants are entitled to. It appears that the decree of registry and execution was accompanied with an order appointing Christopher Adams dative testamentary executor of the deceased, on his complying with the requisites of the law.

It does not appear that any application was made to the Court of Probates for the appointment of a dative executor, by a creditor or any person having an interest in the estate; nor does it appear that there are any creditors, heirs, or legatees of the testator in the state; and it is not denied that his domicil was in the kingdom of Great Britain, nor that the property of the succession within the jurisdiction of the court is moveable.

We are bound to consider the decree of the Court of Probates of the 24th of December, and signed on the 22d of March, after the service of the rule, as a nullity. The rule is made absolute. The judge of the Court of Probates is commanded to order the registry and execution of the will, without any other form than that of registry.