Buixard, J.
delivered the opinion of the court.
In this case a rule was taken on the judge of the oourt of probates for the city and parish of New Orleans, to show cause why a mandamus should not issue commanding him to grant letters testamentary in the usual form to P. L. Sloan, one of the executors named in the last will and testament, of Jane Sloan, late of Scotland, deceased, and not as dative executor. It appears that the will was made in Scotland, and had been there regulaily admitted to probate and its execution ordered.
The answer of the judge to the rule covers a much broader ground than the rule itself; and all that part of it which concerns the authority of this court to proceed by mandamus, instead of appeal, may be passed over as presenting *297 questions already settled by this court in tbe case of The State v. The same judge, 14 La. Rep. 478.
Upon tbe sole question, which this case presents, to wit, the propriety of appointing a dative executor, instead of reoognizing the authority of one of those named by the will, the judge answers :
1st. That P. L. Sloan cannot derive under the confirmation of this court the power to execute alone the will, the testatrix having confided this trust to a quorum, of her several executors.
2d. That the said P. L. Sloan, cannot be considered as forming by [491] himself this quorum, even with the proxies of his foreign co-executors, because by so requiring a quorum of her executors the testatrix wanted them to consult each other in order that through their united action her estate might be better administered.
3d. That the law requires the dismissal of an executor who absents himself for a time exceeding the term of his administration, and a fortiori cannot sanction the confirmation of an executor whose actual and permanent residence is in a foreign country; and the powers of foreign executors cannot be recognized by this court.
4th. That this last rule prevails as to administrators, curators, &c., and ought not to be construed in a more favorable light as regards foreign executors.
5th. That even an absent forced heir cannot administer while absent, the estate of his father accepted under benefit of inventory, unless by an agent who has a special power to accept or reject successions, and unless he gives security.
6th. That the court of probates would be without jurisdiction over executors, confirmed by them were they living and residing in foreign countries; and consequently beyond the reach of the mandates and have the authority of the court of probates to appoint a dative testamentary executor.
The other part of the answer is an argument in support of the ground assumed by the judge upon general principles of the conflict of laws and growing out of public policy, and we are referred to Story’s Conflict of Laws, 513 and notes.
If the petitioner had simply presented a copy of the will together with authentic evidence of its having been duly proved and ordered to be executed in the country where it had been received or made, it would have been the duty of the judge, in our opinion, to order the registry and execution of the will according to articles 1681 and 1682 of the La. Code. Such an order is equivalent to a new probate in this State, which is wholly independent [492] of the question, whether letters testamentary shall issue and to whom. There may be cases in which no administrator is required in the interest of creditors or legatees, and the registry of the will is asked merely to complete evidence of title to property held under the will. In such a case we cannot see the necessity or propriety of coupling with such order for registry the appointment of an executor not asked for, much less an attorney for absent heirs. If after the registry and order of execution, one of the persons appointed executor by the will comes forward and asks for letters testamentary it will be necessary *298 to inquire whether it is a proper case for the appointment of. a dative executor. To this effect was the decision of this court in the matter of Ramsay’s will. 13 La. Rep. 221.
The question presents itself in this case, whether, when one of several executors appointed by a foreign will comes forward and asks for letters testamentary, it be proper to refuse his prayer on the ground that he alone is not authorized to act by the will, and whether it be a proper case for the appointment of a dative testamentary executor. The last part of this question seems to be sufficiently answered by the article 1671 of the La. Code, which declares that if the testator has omitted to name a testamentary executor, or if the one named refuses to accept, the judge shall appoint one ex officio. We have no hesitation in saying that in our opinion, the court of probates has no authority to appoint a dative testamentary executor, until the executor named by the will has had an opportunity offered him to accept or refuse the trust. If he accepts, he is bound to administer under the supervision of the court of probates, to comply with the laws of Louisiana in relation to the payment of debts and legacies, and to render his account to the court by whom his authority has been confirmed. One of the executors appointed by the will of Mrs. Sloan asks for letters testamentary, and the judge gives another reason for not [493] granting his prayer, to wit, that he alone is not authorized by the will to act. without consulting his co-executors, of whom a quorum is to govern. The will is not before us, but admitting such to be its construction, it does not follow that when one of the executors comes forward and signifies his willingness to accept the trust confided to him by the testatrix, he is to be repelled on the ground that he alone is not authorized to administer, and that the court has at once a right to appoint a dative executor. Non constat but that the other executors or a majority of them, will also come forward and accept the trust; and when it is ascertained that they do not, it will be time enough to inquire whether one of the executors may not alone administer under the guidance and control of the court of probates. In the mean time, we think, he ought to be recognized as executor. It does not appear whether the executors have the seizin of the estate by the will; if not, the heirs are entitled at once to take the estate into their hands on furnishing a sufficient sum to pay debts and legacies.
Upon the whole we conclude, that the court erred in appointing a dative executor and an attorney of absent heirs, before the necessity of such an appointment was shown; and we are of opinion that the court ought to have recognized the petitioner as one of the executors appointed by the will of the testator, and to have granted him letters testamentary as such.
The appointments of dative executor and attorney for absent heirs are therefore annulled, and it is further ordered that the rule be made absolute, and that the oourt of probates recognize P. L. Sloan and grant him letters testamentary, as one of the executors appointed by the will of Jane Sloan, de 'ceased, upon his complying- with the requisites of law.