EASTERN DIS.
*May*, 1841.

STATE *vs.* JUDGE OF PROBATES IN NEW ORLEANS.

STATE
*vs.*
JUDGE
OF PROBATES IN
NEW ORLEANS.

AN APPLICATION FOR A MANDAMUS.

A foreign will, or one made in another State, *duly proved* in a competent court where it is made, the executors appointed by the testator, may continue to act in this State, when the will has been registered in the Court of Probates where the property is situated.

So foreign wills or those made in other States, do not require the appointment of a dative testamentary executor and attorney for absent heirs, when ordered to be enregistered in this State. The executors or administrators appointed and qualified to act under the will in the place where it is probated, can act under it in relation to property here.

This is an application for a mandamus, commanding the Judge of Probates for the city and parish of New Orleans, to admit and order the will of Charles M'Manus, deceased, opened and probated in the State of Kentucky, to be enregistered and made executory here, without appointing a dative testamentary executor and attorney for absent heirs.

A rule was taken on the judge in this court to show cause why the mandamus should not issue as prayed for. The judge showed for cause the *reasons of his judgment* rendered in the case.

*Peyton & Smith*, for the applicants, made the following points :

1. The applicants exhibit the last will of the deceased, appointing them his executors, the proceedings admitting the will to probate, the swearing of the applicants as executors, the ordering of letters testamentary to issue to them, and the renunciation of the other executor. They are entitled to the benefit of articles 1681 and 1682 of the Louisiana Code. State vs. Judge Bermudez, Estate of Ramage, 13 La. Rep., 224; Same vs. same, Estate of Sloan, lately decided.

2. The articles of the Code of Practice cited by the judge refer only to successions opened in this State.

3. There is nothing to show the heirs are absent, and if they

were there is no law authorizing the judge to appoint an attorney for them in this case.

EASTERN DIS.
May, 1841.

STATE
vs.
JUDGE
OF PROBATES IN
NEW ORLEANS.

4. The only property of the estate here is a debt due to the deceased on a promissory note, on which suit was brought by attachment and property has been attached. It is the case of M'Manus vs. West, decided by this court a few days since. No application for a dative executor is made, nor is there any creditor, heir or legatee of the deceased in this State.

*Simon, J.* delivered the opinion of the court.

An application having been made to the Court of Probates by the testamentary executors of Charles M'Manus, for the registry and execution of the will of the deceased, with a prayer that the petitioners be recognized as the testamentary executors of the said will, and authorized to act in that capacity in this State; the judge of the said court ordered the said will to be registered and executed.; and disregarding the last prayer of the applicants' petition, proceeded to appoint a dative testamentary executor, and an attorney to' represent the absent heirs.

The petitioners, who reside in the State of Kentucky, where the will in question was received, proved and regularly admitted to probate, obtained from this court a rule on the judge of the Court of Probates, to show cause why he should not order said will to be registered and executed, and the petitioners to be recognized as the executors thereof, without appointing any dative testamentary executor or attorney to the absent heirs; which rule, after having been served on the said judge, was by him answered by referring us to his judgment in the following words : " The court considering from the annexed document that the will of the late Charles M'Manus has been duly proved before a competent judge of the place where it was received ; that it is the imperious command of the law giver that an administrator under the will should be appointed by the court when the executor appointed by the testator will not or

EASTERN DIS. May, 1841.

STATE vs. JUDGE OF PROBATES IN NEW ORLEANS.

cannot perform the duties, or is *dead* or ABSENT ; C. Pr., 924, sec. 7; that the executors appointed by the testator are *absent*, and considering further that the heirs of the deceased are absent and that in such a case the judge is bound by law to appoint an attorney to represent the absent heirs, and that this appointment is to be made at the opening of the succession; *La. Code*, 1204 *to* 1210; it is ordered, &c., &c."

This case is very similar to the one reported in 13 *La. Rep.*, 223, except that in the latter case, there was no application on the part of the executors to be recognized as such; and comes particularly within the rule established by a late decision of this court rendered in the matter of the testament of Jane Sloane, on a mandamus directed to the same judge. It appears however that his opinion is principally based on the *art.* 924, *sec.* 7, *of the Code of Practice,* which is in these words: " Courts of Probates have exclusive power *to appoint administrators under the will, when the executor appointed by the testator, will not or cannot perform the duties, or is dead or* ABSENT"; and he infers from this law that the petitioners being absent from the State of Louisiana, cannot be allowed to act here as testamentary executors to a will which is sought to be executed under the *arts.* 1681 *and* 1682 *of the La. Code*, which say: that " *testaments made in foreign countries and other States of the Union, cannot be carried into effect on property in this State, without being registered in the court within the jurisdiction of which the property is situated, and the execution thereof ordered by the judge;*" and that " *this order of execution shall be granted without any other form than that of registering the testament, if it be established that the testament has been duly proved before a competent judge of the place where it was received. In the contrary case, the testament cannot be carried into effect, without its being first proved before the judge of whom the execution is demanded.*"

*A foreign will, or one made in another State, duly proved in a competent court where it is made, the executors appointed by the testator, may continue to act in this*

The opinion of the Judge of Probates seems to us erroneous: the articles above quoted do not prohibit the executors

appointed by the testator in a testament made in foreign countries and other States of the Union, from continuing to act as such in this State; and do not require the appointment of any dative testamentary executor or administrator under the will, to carry such foreign will into execution in relation to property situated in this country; they merely indicate the requisites under which our laws will permit the execution of such will in Louisiana; and surely, if the intention of the law giver had been such as it is contended for, our laws would have contained a special provision to that effect. We understand the *art. 924* of the Code of Practice, from its general context, to refer only to successions which are opened in this State, in which administrators or executors are to be confirmed or appointed here, and not as being in any manner applicable to the administrators of successions opened in a sister State or in a foreign country; such administrators, whatever be their denomination, deriving their authority from the laws of the country where they have been appointed, have a right to exercise the rights and duties appertaining to their trust, provided they comply with the requisites of the law of the place where the property is situated; and with regard to testamentary executors, provided they obtain here the confirmation of their authority, after the recording of the will, from one of our Courts of Probates; *Story, Conflict of Laws, No.* 509.

EASTERN DIS. May, 1841.

STATE
vs.
JUDGE OF PROBATES IN NEW ORLEANS.

State, when the will has been registered in the Court of Probates where the property is situated. So foreign wills or those made in other States, do not require the appointment of a dative testamentary executor and attorney for absent heirs, when ordered to be enregistered in this State.— The executors or administrators appointed and qualified to act under the will in the place where it is probated, can act under it in relation to property here.

This is manifest from the doctrine repeatedly established in our jurisprudence; as, for example: under the *art.* 351 *of the La. Code*, we have held in the case of *Percy vs. Provan*, 15 *La. Rep.*, 74, that the tutor of a minor, who is in the State, and to whom therefore said tutor is to be appointed or confirmed *here*, cannot be permitted to reside in another country. Yet in the case of *Douglass vs. Edwards*, 9 *La. Rep.*, 237, this court said that a tutor legally appointed to a minor who is out of the State, according to the rules and . forms of a foreign State or government, could, though an absentee, and without any confirmation by our tribunals, do all things here appertaining to the interest of the pupil, as if said tutor had received his

EASTERN DIS.
May, 1841.

STATE
vs.
JUDGE
OF PROBATES IN
NEW ORLEANS. appointment in pursuance of our laws. See also the case of *Berluchaux vs. Berluchaux*, 7 *La. Rep.*, 539, where a similar doctrine is entertained; and particularly in the case of *Chiapella vs. Couprey*, 8 *La. Rep.* 86, in which the point was fully investigated, and where this court held in establishing the difference between the rights of a foreign tutor and those of an administrator, that " in relation to the rights and duties appertaining to a testamentary executor or administrator of an inheritance or succession, they cannot be exercised in this State, under the probate of a will in a foreign State, and authority there granted to carry it into execution, *without causing the will to be here recorded*, and *obtaining authority from a competent tribunal to execute it;* and that an administrator by appointment in another State, is wholly without authority in this, to administer the property of a succession here situated, *unless he be authorized to act by a Court of Probates in this State."* This is the very object of the application made by the petitioners to the Court of Probates; it is not contrary to our settled jurisprudence which seems to have already established the rule that when an executor appointed by a foreign will and confirmed as such in a foreign country, is willing to act here, he should be recognized as such and authorized to execute it in Louisiana; and in the language of this court in the case last quoted, " so long as foreigners are permitted to inherit property in this country, we are unable to perceive any good reason why impediments should be thrown in their way in a pursuit to recover and take possession of it, unless in a case where it is shown that the interests of our own citizens would probably suffer from its abstraction." This is also based upon the soundest principles of international law.

With regard to the appointment of an attorney to represent the absent heirs; we see no necessity for it in this case; the succession is not opened in this State, and there is no proof that there are any absent heirs; we have several times held that the existence of absent heirs is not to be presumed in all cases; 15 *La. Rep.*, 530.

We think therefore that the. appointments made by the Judge of the Court of Probates of a dative testamentary executor to the last will of Charles M'Manus, and of an attorney to represent his absent heirs,·not having been called for, are illegal; and that his decree, after ordering the registry and execution of the said will, ought to have been extended to,recognizing the petitioners as the executors thereof, and to authorizing them to act as such.

Let the rule be made absolute.