## BAILEY v. MORRISON.

The natural tutrix of a minor child may emigrate to another State of the Union, and take her infant child with her.

Although a natural tutrix who marries, without being authorized by the judge on the advice of a family meeting to retain the tutorship, will lose it, yet she may be subsequently appointed, as any other person, dative tutrix; and where the tutorship was forfeited by the marriage of the tutrix in another State, to which she had emigrated, she may be there appointed guardian of the minor, and will stand in the position of any other guardian of a minor appointed in the State to which she had removed; and under the stat. of 1 April, 1843. she may, on proof of her appointment, without qualifying as tutrix here under our laws, compel one who had been subsequently appointed tutor to the minor by a court of this State, to account; and, where it is shown that the debts of the succession through which the property descended to the minor have been paid, she may receive the funds in his hands, and take possession of the immovables.

Lands of a minor, situated in this State, cannot be sold though at the instance of a foreign tutor, without the advice of a family meeting. Such a tutor has full power to administer by an attorney in fact, the real property of his pupil situated in this State; but the rules regulating the alienation of the real property of minors are uniform, and independent of the tutor's domicil.

Sec. 2 of the stat. of 1 April, 1843, allowing any tutor or guardian, appointed in another State of the Union, to remove the property of his pupil from this State, applies to cases in which the estate of the minor has been converted into money; but does not authorize the sale of real property belonging to the minor situated here, without the advice of a family meeting.

APPEAL from the District Court of Ouachita, *Copley*, J. *Sharp*, for the plaintiff. *Purvis*, for the appellant. The judgment of the court was pronounced by

ROST, J. The plaintiff, *Adeline Tufts*, was married to *Jno. Dowell*, in the parish of Ouachita, in November, 1840. In 1843 *Dowell* died, leaving *Henry Elbridge Dowell*, his son, the only issue by his marriage with the plaintiff. A few days after his death, the plaintiff was confirmed as natural tutrix to the minor. She removed soon after to her mother's residence in Massachusetts, and took her son with her. She resided there until the fall of 1847, when she intermarried with her present husband, *Joseph Bailey*, and removed with him to his residence in Connecticut, and is permanently settled there with the minor.

The plaintiff contracted this marriage without having been authorised by a family meeting to retain the tutorship; she was therefore, *ipso facto*, deprived of it; and the defendant, who is a relation of the minor, caused himself to be appointed by the judge on the advice of a family meeting, and took possession of the minor's estate.

On the 23 March, 1849, the plaintiff presented a petition to the Court of Probates for the district of Groton, in the State of Connecticut, where she resides, representing that her minor son had inherited an estate in Louisiana, which she desired to remove to Connecticut; she asked to be appointed guardian, and offered to give bond for the safe administration of that estate. She accordingly gave bond in the sum of $5,000, and was appointed. This proceeding was had under the authority of the case of *Fisk* v. *Fisk*, 2 An. 71.

The plaintiff represents that the defendant is in the possession of her son's estate; she prays that she may be recognized as guardian; that the defendant

may be ordered to render an account, and to pay over to her the funds in his hands. She finally asks for a decree of court to sell the land belonging to the minor, in order that she may remove the proceeds to Connecticut.

The defence is, that the plaintiff has been deprived of the tutorship, and could not be legally re-appointed; that if she could, she must give bond here as other tutors; that guardians appointed in the other States have no right to interfere with tutors appointed under the laws of this State; that much of the property of the minor is immovable, and cannot be taken care of by a guardian residing out of the State; that this land produces fruits, and the sale of it at this time would work an irreparable injury to the minor.

There was judgment in favor of the plaintiff, recognizing her as guardian, and ordering the defendant to account to her for the money in his hands. The court being further of opinion that, the other points raised by the pleadings could not be determined in the present action, reserved the rights of the parties in relation thereto. The defendant has appealed; and the plaintiff asks that the judgment be amended in her favor, so as to authorise her to sell the land without the intervention of a family meeting, and to remove the proceeds to the State of Connecticut.

The plaintiff has, we think, made out a case of *bonâ fide* removal to another State; and there is no doubt that she had the right so to emigrate, and to take her infant child with her. Story's Conflict of Laws, p. 505. 9 Mart. 543. 4 Mart. 715. 7 La. 543.

Although the plaintiff lost the tutorship by marrying without being authorized by the judge, on the advice of a family meeting, to retain it, she might subsequently have been appointed dative tutrix, as any other person. This constitutes no objection to her appointment in Connecticut. See Merlin's Rep. *verbo* Tutele, §3, art. 3. 2 Duranton, no. 427. *Robins* v. *Wells*, 5 N. S. 382.

It may therefore be conceded that the plaintiff, under her appointment, stands in the same situation as the foreign guardian of a minor born in the State of Connecticut, and inheriting property in Louisiana.

The 1st section of the act of 1843, provides : " That hereafter, any person who has been, or shall be, appointed tutor or guardian of any minor residing out of the State of Louisiana, but within the United States, and who has qualified as such, in conformity with the laws of the State where said appointment is made, shall be entitled to sue for, and recover, any property, rights, or credits, belonging to said minor, within this State, upon his producing satisfactory evidence of his appointment as aforesaid, without being under the necessity of qualifying as tutor of said minor, under the laws of Louisiana."

Under this provision of law there can be no doubt of the right of the plaintiff to compel the defendant to account; and, as it is satisfactorily shown that the debts of the succession through which this property descended to the minor have all been paid, she is entitled to receive the funds in the hands of the defendant, and to take possession of the immovable property. We are, therefore, of opinion that there is nothing in the judgment of which the defendant can complain.

We are further of opinion that the judge did not err, in refusing to order the sale of the lands of the minor without the advice of a family meeting. There is no law to authorize such a proceeding. A foreign tutor has full power to administer the real property of his ward, situated in this State, by an attorney in fact. *Chiapella* v. *Couprey*, 8 La. 88. If he neglects to do so, it is made the

duty of the courts of this State to appoint a tutor *ad bona*, for that purpose; but the rules regulating the alienation of the real property of minors are uniform, and independent of the tutor's domicil.

The 2nd section of the act of 1843, allowing the tutor to remove the property of the minor from the State, applies to cases in which the estate of the minor has been converted into money, and does not authorize the sale of real estate in the manner prayed for. *Judgment affirmed.*