No. 3217.—JULIA A. DIXON, Executrix, *v.* T. H. D'ARMOND.

To give effect to a testament, made in another State of the Union, on property situated in this State, the testament must be registered and its execution ordered by the judge having jurisdiction over the place where the property is situated. C. C. 1688–9.

The order of the judge, admitting a will made in another State to registry and directing its execution, necessarily vacates the former order of the same judge appointing an administrator to take charge of the property situated in this State.

APPEAL from the Parish Court of East Feliciana. *Boedicker*, Parish Judge. *Kernan & Lyons*, for plaintiff and appellee. *Cross & Hardee* and *Race, Foster & E. T. Merrick*, for defendant and appellant.

HOWELL, J. The defendant has appealed from a judgment recognizing and confirming the plaintiff, as testamentary executrix in Louisiana of the last will of B. F. Dixon, who died at his residence in Mississippi, already duly registered and its execution ordered, directing letters testamentary to issue to her on her taking oath and giving bond, and rescinding the order appointing him administrator of the succession of said deceased in the parish of East Feliciana.

According to articles 1688 and 1689 of the Code of 1870, section 1460 of Revised Statutes of 1870, and the decisions in 17 La. 486; 18 La. 570; 2 R. 427; and 13 La. 224, it was the duty of the probate judge, upon due application, to cause the will from Mississippi, duly proven, to be registered here, its execution ordered, and the testamentary executrix named in it to be recognized and letters testamentary issued to her upon taking oath and giving bond. Such an order would necessarily supersede the appointment of an administrator appointed here.

Judgment affirmed.