The opinion of the court was delivered by
Manning, C. J.
Mrs. Butler died in July 1875 in Mississippi, where she was then, and for some time before had been, domiciled. Her olographic testament was duly probated in March ensuing, by and before *888 the proper court, upon the petition of Charles M. Conrad, the executor named therein, who however declined to qualify. At his request Elliott Henderson, a resident of Mississippi, applied for and obtained letters of administration cum testamento anneooo from the local Chancery court, and qualified by giving the prescribed bond, and taking the official oath.
In July 1876, the suit now before us was commenced by an application of E. Or. W. Butler, the surviving husband of the deceased, and A. H. Gay, to the parish court of Iberville, praying that the latter be appointed administrator of Mrs. Butler’s succession. He is not an heir, and his application is not made as an alleged creditor. The motive of the husband in the selection would appear to be personal confidence. Legal notice of the application was given, and after expiration of the time for delay, no opposition having been made, Mr. Gay was appointed administrator and qualified, September 4,1876. No mention is made in these proceedings tnus far of the will of the deceased.
In April 1877, Elliott Henderson presented his petition to the Court of Iberville, setting forth that Mrs. Butler had left a will, which had been duly probated before the court of her last domicil, and of which he was the duly appointed and qualified administrator with the will annexed, in the stead oE the executor named in the will — that the deceased owned property in Iberville parish which must be administered, and that Gay had been appointed administrator of her succession without any knowledge being imparted to,the Court of the existence of a will — -and praying that this appointment be annulled and revoked, and that he (Henderson) be appointed dative testamentary executor of- the will, a copy of which, with all the proceedings of the Chancery court probating the same, was filed in the Iberville court.
Gay answered, that the will had not been probated, nor its execution ordered by any court of this State, and that it had no legal existence— that it was void for ambiguity and for provisions reprobated by law— and if not void, that he was the proper person to execute it.
Lawrence L. Butler, a son of the deceased, intervened and attacked the will as absolutely null.
Henderson then presented his petition in form to the Court praying the registry of the will, and an order for its due execution, which was made.
Finally, in August 1877, the husband of the deceased intervened, and prayed his appointment as dative testamentary executor, in the event that Gay’s appointment as administrator should be set aside.
The trial was had on these pleadings-, and resulted in the following judgment;
It is ordered by the Court that the will of Frances Parke Lewis be *889 probated and recorded, and that the intervention of the forced heirs and Col. E. G. W. Butler be allowed, and that the administratorship of said succession be decided on the petitions of claimants before the Probate Court, and he who is most entitled by law shall receive the said administratorship, and that said administrator so recognized shall settle the said succession in accordance with the laws of the State of Louisiana.
The counsel of Gay and the Butlers, defendant and intervenors, insist that no appeal lies from this judgment, because it decides nothing except that no notice of Henderson’s application had been given, and they move its dismissal. We see nothing in the record, and there is certainly nothing in the judgment, from which it may be inferred that want of notice was the point decided. On the other hand, the counsel of Henderson, the plaintiff, construe the judgment as annulling the will for the causes set forth in the interventions, and deferring the adjudication of the conflicting claims for the administration to an indefinite and future time.
It is not possible that this can be a correct interpretation of the judgment, since the will is ordered to be probated and recorded in express terms. The expression, that the interventions be ‘allowed,’ can not mean any thing more than that they are permitted to be filed, or their, previous filing is approved, and the intervenors are ‘allowed’ to litigate in that form of pleading.
If this be a correct construction of the language of the judgment, the plaintiff has appealed from a decree in his favor, and the defendant and intervenors have moved the dismissal of the appeal, which if granted, would lose them their ease. And yet the judgment, to our apprehension, can mean nothing else, if it be conceded that- it means any thing.
We are not disposed to conclude the rights of parties in so grave, and to them interesting, a contestation because of a mistaken construction of the phraseology of a judgment, which is so vague and ambiguous as to admit a double doubt; — first, the customary and natural doubt of the defeated party whether the judgment is right; and second, the unusual and unnatural doubt of the successful party of the soundness of the judgment, ripening into such disbelief as to prompt an appeal for its reversal.
We shall therefore remand the case, and in doing so, it will be.useful to all the• parties to recall to their recollection certain established legal principles which are preliminarily connected with the main questions the lower court will have to solve.
Testaments made in other States, as this was, can not be carried into effect on property in this State, without being registered in the Court within the jurisdiction of which the property is situated, and the *890 execution thereof ordered by the judge. When the form has been observed of registering the testament, the fact of its having been duly probated at the domicil of the decedent being first established, as was done in this case, the order for its execution is granted as a matter of' course. Civil Code, arts. 1681 — 2, new nos. 1688 — 9. The foreign will, when duly authenticated and admitted to probate at the testator’s domicil, is entitled to be admitted to registry and execution here, even if the appointment of a dative testamentary executor is not asked. Bermudez’ case, 13 La. 221. The object of the law is to give to foreign wills the same effect in this State, which they would have in the country in which they are executed, so far as concerns the form and effect of the probate. A court of probate can not therefore refuse to order the execution of a will made out of this State, if it be shewn to have been duly proved before the proper court having jurisdiction of that matter attire foreign domicil. Robert’s Sue. 2 Rob. 427.
But the order of the Court for the registering of the will, and even for its execution, does not preclude interested parties from attacking its validity either in whole or in part. The intervenors can as well claim its nullity for the vices alleged by them, as for instance because it is said to contain a prohibited substitution, after the order for its registry and execution has been made, as before.
What person is entitled to appointment to execute the will is left an open question by the lower court, and as we have no authority or power in the premises, except to say whether he has conferred it upon the party legally entitled to it, after his appointment is made, it is only necessary to note here that the executor of a foreign will is not excluded from the appointment because of non-residence, neither is he entitled or permitted to exercise his office here by virtue of his foreign appointment, but must first obtain the authority of the court here. Chiapella v. Couprey, 8 La. 84. Henderson v. Rost, 15 Annual, 405. And if appointed, he must give security like an administrator but whether an administrator with the will annexed, under appointment of a common law court, is entitled to the same privilege as a testamentary executor, may well be doubted.
The terminology in use at the common law, and here, must not induce the impression of a distinction between offices that does not exist. There is no such thing at common law as a court appointing an executor of a will. That office can only be conferred by a testator. If the executor named in the Will dies, or will not act, the Court appoints an administrator as it does in cases of intestacy, only in the former, he is administrator with the will annexed. With us, he who is appointed to execute a will, whether by the testator or by the court, retains the same name in either case.
*891 It is ordered and decreed that the judgment of the lower court is set aside, and the cause is remanded to try and determine two issues;
1. the validity or invalidity of the will, whether in wholo or in part.
2. What person is entitled to the appointment as dative executor thereof.
And it is further ordered that the appellees pay the costs of appeal.