WATSON, Judge.
James Ware Gardiner, a resident of Connecticut, died in Nevada, on November 6, 1976. His niece, Katherine Garrison Brewer, was appointed administratrix of his Louisiana estate on December 6, 1976. The three executors named in Gardiner’s will, Charlotte Tucker, Albert Krafcheck and Aaron R. Frosch, filed a petition December 17, 1976, for Louisiana probate of the foreign testament and their appointment as ancillary executors. They had previously been confirmed as executors by a Connecticut probate court. Charlotte Tucker was appointed Louisiana agent for service of process by the other two. The executors also filed a motion to have Ms. Brewer removed as administratrix and for an accounting of her administration.
The trial court judgment recognized the foreign will as the last will and testament of James Ware Gardiner and ordered it executed. Ms. Brewer was removed as ad-ministratrix and the executors of the Connecticut will were confirmed as the Louisiana succession representatives. Ms. Brewer was ordered to render an accounting of her administration and to relinquish her records to the executors. Ms. Brewer has appealed from the trial court judgment, contending that the trial court erred in revoking her valid appointment as administratrix, and that her removal had no statutory or jurisprudential basis.
It is undisputed that the Gardiner Louisiana estate, which has immovable assets exceeding one million dollars in value, requires a succession representative.
The issue is whether the trial court erred in revoking Ms. Brewer’s appointment as administratrix.
LSA-C.C.P. art. 3182 governs removal of a succession representative:
“The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.
The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.”
The trial court specifically found that Ms. Brewer had not acted improperly in her administration. (TR. 171). However, the trial court concluded that Ms. Brewer had been appointed on the basis of incomplete information and would not have been appointed had the court been aware of the *486 existence of the will and the Connecticut proceedings. Ms. Brewer’s petition for appointment alleged that any document purporting to be Gardiner’s will was invalid under Louisiana law.
The testator has the privilege of choosing his own executor and the court can do so only if the one named is “dead, disqualified, or declines the trust”, LSA-C.C.P. art. 3083.[1] The executors contend that there cannot be an administrator of a testate succession; and that Ms. Brewer actually served as a provisional administratrix under LSA-C.C.P. arts. 3111[2] and 3112.[3]
Absent a specific provision of law allowing the court to discharge an administrator and confirm the executor named by the testator, authority is found in LSA-C.C.P. art. 191 which provides:
“A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law.”
It might also be reasoned that Ms. Brewer became “disqualified” under LSA-C.C.P. art. 3182, but we prefer to hold that the appointing court was entitled to discharge her and confirm the testamentary executors.
This is precisely the approach used by the Supreme Court in the case of Dixon v. D’Armond, 23 La.Ann. 200 (La., 1871) which, because of its admirable brevity, we will quote in its entirety, omitting citations:
“The defendant has appealed from a judgment recognizing and confirming the plaintiff, as testamentary executrix in Louisiana of the last will of B. F. Dixon, who died at his residence in Mississippi, already duly registered and its execution ordered, directing letters testamentary to issue to her on her taking oath and giving bond, and rescinding the order appointing him administrator of the succession of said deceased in the parish of East Felici-ana.
^ * * * * *
“It was the duty of the probate judge, upon due application, to cause the will from Mississippi, duly proven, to be registered here, its execution ordered, and the testamentary executrix named in it be recognized and letters testamentary issued to her upon taking oath and giving bond. Such an order would necessarily supersede the appointment of an administrator appointed here.”
******
Discharge of Ms. Brewer is supported by LSA-C.C.P. art. 3404 [4] which provides that a succession representative appointed by a court of decedent’s domicile outside Louisiana shall be given priority in appointment of a Louisiana representative. Under this article and LSA-C.C.P. art. 3082[5], which provides that the person *487 named in a testament as executor shall be confirmed unless disqualified under article 3097[6], the three executors named in Gard-iner’s will are entitled to be appointed as his Louisiana executors. A testator has the privilege of naming his own executor and the trial court correctly revoked the appointment of Ms. Brewer as administratrix. Once the executors sought appointment as ancillary executors in Louisiana they were entitled to priority. This in no way invalidates actions taken by Ms. Brewer as ad-ministratrix. Appointment of an adminis-tratrix in the absence of any information about the existence of a will must yield to the testator’s choice when that choice is not disqualified under LSA-C.C.P. art. 3097.
For the foregoing reasons, the judgment of the trial court herein is affirmed at the cost of appellant, Katherine Garrison Brewer.
AFFIRMED.

. LSA-C.C.P. art. 3083:
“If no executor has been named in the testament, or if the one named is dead, disqualified, or declines the trust, on its own motion or on motion of any interested party, the court shall appoint a dative testamentary executor, in the manner provided for the appointment of an administrator of an intestate succession.”

. LSA-C.C.P. art. 3111:
“The court may appoint a provisional administrator of a succession, pending the appointment of an administrator or the confirmation of an executor, when it deems such appointment necessary to preserve, safeguard, and operate the property of the succession. On the application of an interested party, or on its own motion, when such an appointment is deemed necessary, the court may appoint a qualified person as provisional administrator forthwith.”

. LSA-C.C.P. art. 3112:
“Except as otherwise provided by law, a provisional administrator has all of the authority and rights of an administrator, and is subject to the same duties and obligations, in the discharge of his functions of preserving, safeguarding, and operating the property and business of the succession.”

. LSA-C.C.P. art. 3404:
“When a succession representative has been appointed by a court of the decedent’s domicile outside Louisiana, priority shall be given to him in the appointment of a representative in Louisiana, unless he is disqualified under Article 3097. Otherwise, priority shall be given in the appointment of a representative as provided in Article 3098.”

. LSA-C.C.P. art. 3082:
“Unless the person named in the testament as executor is disqualified on any of the *487 grounds assigned in Article 3097, the court shall render an order upon his petition for confirmation, confirming him as testamentary executor and directing the issuance of letters testamentary to him after he has taken his oath of office and furnished security, if required.”

. LSA-C.C.P. art. 3097:
“No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is:
(1) Under twenty-one years of age;
(2) Interdicted, or who, on contradictory hearing, is proven to be mentally incompetent;
(3) A convicted felon, under the laws of the United States or of any state or territory thereof;
(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed, in the succession proceeding;
(5) A corporation not authorized to perform the duties of the office in this state; or
(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.”