## Gustavus Beall *vs.* Geo. A. Pearre, Adm'r of Abraham Brown.

A verdict and judgment upon the merits, in a former suit, is, in a subsequent suit between the same parties, where the cause of action, damages or demand is identically the same, conclusive against the plaintiff's right to recover, whether *pleaded* in bar, or *given in evidence* under the general issue, and such prior verdict and judgment need not be pleaded by way of estoppel.

The decision of *a court* upon a claim in a former action, is as effectual a bar to a recovery in another suit, upon the same cause of action, as that of *a jury;* and the fact that the court's decision was *wrong*, does not give the injured party the right to bring another suit upon the same claim, for he might have *appealed*, and had the error corrected.

As between the original parties to a bill or note, the total or *partial* want or *failure* of consideration, may be relied on as a defence, and a partial failure avoids the note only *pro tanto.*

In a suit upon a promissory note, the maker, as a defence, relied upon and gave evidence of a *breach of warranty* in relation to certain barrels of beef, for which the note was given. The court, by an *instruction given to the jury*, decided *against* this defence, and the *verdict* and judgment were in favor of the plaintiff, for the full amount of the note. Held:

That this decision by the court, though *erroneous*, upon the defendant's *claim*, was a bar to a subsequent action by him against the plaintiff, upon the same *breach of warranty;* for having failed to *correct* the error by *appeal*, he is not entitled to relief in a new suit.

An instruction to the jury, that if they believe "that the beef, in the declaration mentioned, was deposited with the plaintiff, to be sold on commission, then their verdict *must* be for the defendant," is erroneous, becouse nothing is said of the *terms* on which the jury might have believed the deposit was made.

Appeal from the Circuit Court for Allegany county.

This was an action on the case brought on the 5th of September 1855, by the appellant against the appellee, to recover damages for an alleged breach of warranty in relation to sixty-nine barrels of beef, alleged to have been sold by the defendant's intestate to the plaintiff, in February 1846. The counts in the declaration, as well as the agreements of counsel, are fully stated in the opinion of this court. Pleas, *non assumpsit,* limitations, and *plene administravit.*

*1st Exception.* The *plaintiff*, to support the issue on his part, under the agreement of counsel, read to the jury the *evidence* taken in a *former suit*, brought on the 19th of March 1847, by Brown against Beall, upon a promissory note, as found in the printed record in the chancery case of Beall vs. Brown, and then offered some additional testimony by witnesses who were examined in the former suit at law, relating, however, to the same matters involved in that suit. The *defendant*, to support the issue on his part, offered in evidence the proceedings, and verdict, and judgment, including the evidence set out in the bills of exceptions in the *former suit* at law on the note, and all the papers in that cause, including the *prayers* granted and rejected by the court, and also the agreement of counsel as to the pleadings. The defendant also offered in evidence the bill in chancery in the case of *Beall vs. Brown,* and the answer of Brown to the bill, and the exhibits and all the evidence in that case. The *evidence* and the *proceedings* in both these former suits, are sufficiently stated in the opinion of this court. The plaintiff then asked the court to instruct the jury, in substance, as follows:

1st. If the jury shall believe, from the evidence in the cause, that, on the trial at law between Brown and Beall, on the note in the case offered in evidence in this suit, Brown, by his counsel, insisted before the court and jury, that he had sold the beef in controversy to Beall, and had not left it with Beall to be sold on commission; and if they further believe that the jury found or believed that Brown had so sold the beef to Beall, and had not left it with him to be sold on commission, the defendant in this case cannot be permitted to deny that he did so sell the beef to Beall, and that it was not left by Brown with Beall on commission, because such a defence would impute to the present defendant, himself, a fraud upon the administration of justice in this court.

2nd. If the jury shall believe, from the evidence in the cause, that, in the trial of the case of *Brown vs. Beall,* in this court, on the note now offered in evidence, Brown, by his counsel, insisted and maintained before the court and jury, that he had sold the beef to Beall, and had not left it with

him to be sold on commission, and that Brown, by his counsel, prayed the court to instruct the jury as follows, (here Brown's two prayers granted in the former trial, and set out in the opinion of this court, are inserted,) and that the court, in that trial, granted said prayers, and so instructed the jury; and if they shall further believe that the jury, in said suit on the note, believed and found, in making up their verdict in that case, that Brown had sold the beef to Beall, and that the beef was of some value, and that Beall, the then defendant, after he discovered that the representations so made to him, as stated in said prayer, were not true, dealt with the beef as his own, and sold it without returning the same, or offering to return it, to Brown, and that the jury, in that case, found a verdict for the full amount of the note and interest, that then the verdict and judgment in that case, on the note, does not preclude the plaintiff from recovering in this case.

3rd. If the jury believe, from the evidence in the cause, that the defendant's intestate sold the beef mentioned in the declaration to the plaintiff, and warranted it to pass as beef No. 1, in Baltimore market, with the *bona fide* expectation that the plaintiff would be able to sell it as beef No. 1 quality, and undertook and promised that if the plaintiff should not be able to sell as beef No. 1 quality, or at a price equal to the price at which the plaintiff had bought it, that he would be answerable to the plaintiff, and pay and make up to him any loss he might sustain on the beef, then the plaintiff's proper remedy upon such warranty, promise and undertaking, for the default of the defendant's intestate in the premises, is by suit, and that his right to recover in any such suit was not involved in the issue or issues in the suit heretofore brought by the defendant's intestate against the plaintiff, to recover the amount of the promissory note which the plaintiff had given him for the balance of the purchase money; and notwithstanding the recovery had by the defendant's intestate in his suit, against the plaintiff on said note, the plaintiff is not precluded from recovering, in the present action, such damages as the jury shall believe, from the evidence, the plaintiff sustained, in consequence of any breach of the aforesaid warranty by the defendant's intes-

tate, and of any default by him in his aforesaid promise and undertaking.

4th. If the jury believe, from the evidence, that the defendant's intestate was a citizen of Virginia at the time he sold the beef, in the declaration mentioned, to the plaintiff, and that immediately after the sale, he returned to Virginia, beyond the limits of Maryland, until the time of his death, and that after making such sale, he was never afterwards within the limits of Maryland, excepting the time when he came as a suitor to attend the trial of a case heretofore pending in this court, wherein he was plaintiff and Beall was defendant, and that he only remained in this State whilst he was attending the term of the court at which such trial was pending, and that immediately after the jury had rendered their verdict in that trial, he returned to his home in Virginia, and there remained continuously till his death, then the defendant is not entitled to the defences set up by the pleas of limitations filed in this cause, unless they shall believe that the defendant's intestate, instead of returning to his home aforesaid, within a reasonable time after the conclusion of said trial, tarried and remained in this State over such reasonable time, and longer than it was necessary for him to prepare for and make his return journey; or unless they shall believe that more than three years have elapsed since the granting of letters of administration to the defendant on the estate of said intestate, and the commencement of this suit.

The defendant then offered the following prayers:

1st. If the jury shall believe from the evidence in the cause, that the defendant's intestate was within this State at the time of making the contracts, as stated in the first and second counts of the plaintiff's declaration, (if they shall believe such contracts to have been made,) and remained in the State a sufficient time to afford the plaintiff an opportunity of effectually suing him, and that the plaintiff was aware of such presence of said Brown in this State, and that more than three years have elapsed from the time of making said contracts to the time of Brown's death, then the plaintiff is barred by limitations, from recovering against the defendant under said first

70    v. 12.

and second counts, even though the jury should believe from the evidence, that Brown, at the time of making such contracts and continuously up to the time of his death, resided beyond the limits of Maryland.

2nd. If the jury shall believe from the evidence in the cause, that after the causes of action mentioned in the declaration in this case accrued, Brown was in Maryland, attending the sitting of Allegany county court, at the trial of the cause, on the note now in evidence in this case, long enough to have been served with process, in any suit that might have been brought by Beall against him, and that Beall knew of such presence of Brown, then this action is barred by the statute of limitations.

3rd. If the jury believe from the evidence, that Brown was present in Maryland at the time of making the contracts, as stated in the first and second counts of the plaintiff's declaration, (if they shall believe such contracts to have been made,) and that more than three years elapsed from between the making of them and Brown's death, then the plaintiff is barred by limitations, from recovering in this cause under said first and second counts.

4th. If the jury shall believe from the evidence in the cause, that Brown, in 1847, brought an action against Beall in Allegany county court, and that said action was tried in said court in 1849, and that the cause of action, pleadings, agreement, evidence and instructions of the court, as offered in evidence by the defendant in this cause, were the same cause of action, pleadings, agreement, evidence and instructions in that case, and that the jury in that case found a verdict for Brown, for the entire amount of the cause of action in that case, and that judgment was rendered on said verdict by the court, and if the jury shall believe that the beef, and the contract and bargain in relation thereto, are the same mentioned in the evidence, both in that case and in this, then such a state of facts is a bar to the recovery in this cause.

5th. If the jury shall believe the facts as stated in the preceding prayer, (made a part of this,) then the plaintiff cannot recover in this case, on the third count in the declaration.

The court (PERRY, J.,) granted the plaintiff's *second* and

the defendants *first* prayer, and rejected all the others on both sides, and the plaintiff excepted to the refusal to grant his *first*, *third* and *fourth* prayers, and to the granting of the defendant's *first* prayer.

*2nd Exception.* After the argument of the case had been closed, and the jury was about to leave the box, the court, in answer to an inquiry made by the foreman, further instructed the jury, that if they should believe from the evidence, that the beef in the declaration mentioned, was deposited with Beall, to be sold on commission, then their verdict must be for the defendant, but if they should believe, that the beef was absolutely sold with warranty, then they might find for the plaintiff. To this instruction the plaintiff excepted, and the verdict and judgment being in favor of the defendant, appealed.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Bartol, J.

*Thos. J. McKaig* for the appellant:

1st. The appellant's first prayer ought to have been granted. By reference to the answer of Brown in the chancery case, it will be found that it is there admitted, that in the trial at law on the note, Brown insisted before the court and jury, that he had *sold* the beef to Beall, and that the jury so found, by which means Beall failed in his defence to the note. He and his administrator are, therefore, estopped from denying the *sale* in this trial, and setting up a *bailment*. To permit him to do so would be to sanction a fraud upon the administration of justice. In the case of *The Phil. Wil. & Balto. Rail Road Co., vs. Howard*, 13 *How.*, 307, the supreme court decided, that a party who had asserted in a court of justice, that an instrument on which an action of *assumpsit* had been brought against him, was a *sealed* instrument and had defeated the action on that ground, could not be heard in a subsequent action of *covenant* upon the *same instrument* to deny his *seal* to the instrument. The doctrine of that case was adopted by this court in *Scaggs vs. The Balto. & Wash. Rail Road Co.*, 10 *Md. Rep.*, 280.

2nd. The appellant's *third* prayer presents the proposition,

that Beall was not precluded from recovering, in the present action, damages for the breach of warranty, by the *former suit* on the note. The defendant's fourth prayer puts the reverse of this position, and asserts that the former suit is a *bar* to a recovery in this. In the former suit the court granted an instruction in effect, that if the jury believed the beef was *sold* and was of *some* value, the defendant could not set up as a defence the fact, that the plaintiff made *false representations* to the defendant, as to the quality and condition of the beef *knowing them to be false*, in other words, that there must be a *total failure* of consideration, in order to defeat the plaintiff's recovery on the note provided the transaction was a *sale*. The jury did believe it to be a *sale*, and that the beef was of some value, and, therefore, gave their verdict for the plaintiff, for the full amount of the note. It is perfectly manifest from this view of the case, that the defence as to the *breach of warranty* for which this suit is brought, never was passed upon *by the jury* in the former suit. The instruction of the court withdrew it altogether from the consideration of the jury. It was in fact never passed upon by them. The decision of the court was binding upon the *parties to the suit*. It was the judgment of a court of *competent jurisdiction*, and the defendant was not bound to *appeal* from it. The defendant had the right to take it as the *law of the case* and abide by it, and that decision having taken from the jury the consideration of his defence, his proper course was to submit and bring his *cross-action* for damages for a *breach of the warranty*, as he has done. The authorities upon the doctrine of former recovery, do not go to the extent of saying, that a defence, which by the court's instruction has been withdrawn from the consideration of the jury, is so put in issue or decided upon as to prevent a cross-suit by the party whose defence has been so treated. The *pleadings* or the *evidence* must show that the matter was in issue between the parties, and the *merits of the defence* passed upon *by the jury*. There was no *plea of set-off* in the former case, and the *evidence* which was offered as to the breach of warranty, in fact never went to the jury at all, but was ruled out by the instruction of the court. In such a case it would be extremely hard to hold that the present plaintiff is debarred

a recovery. A meritorious defence never passed upon in a former suit, which, in fact, the court said the jury *could not consider*, may be the subject of another action, and there is no decision in Maryland to the contrary. In the case of *Shafer vs. Stonebraker, 4 G. & J.,* 355, it is said, that where a former recovery is *pleaded* by way of *estoppel*, the rule by which the sufficiency of such a plea is to be tested, "is a certain and familiar one. Does it plainly appear, that the fact or right relied on as a bar, was distinctly put in issue *and found by the jury* in a former suit by the same parties?" The *finding by the jury* is necessary to bar the subsequent action, and this must *plainly appear* by the pleadings, when the former recovery is relied on by way of *plea*. Much stronger is the case, and much more certainly must it appear, that the jury by *their finding* passed upon the claim, where it was only offered *in evidence* under the general issue. But here, as I have stated, the evidence shows that not only did the jury by their finding *not* pass upon this claim, but were expressly *forbid* to do so by the instruction of the court.

3rd. The instruction of the court to the jury, after the argument was closed, was clearly wrong, for if the jury found the contract as proved, it mattered not whether it were a sale with warranty, or whether the beef had been received to be sold for Brown, and Beall to keep, for his trouble, all he could sell it for over $7.50 per barrel. If they found, in either case, that Brown warranted the beef to pass as No. 1 in Baltimore, that Beall had paid for it, and that instead of passing as No. 1 in Baltimore, it was condemned as worthless, or if they found from the evidence, that Brown was to return to Beall, whatever the beef sold for less than $7.50 per barrel, and the whole brought only $3.57, or if they found that Beall had advanced $7.50 per barrel, on the beef, and was, by the contract, "not to lose anything by the operation," why should the fact, that the beef was deposited with Beall to be sold on commission, prevent a recovery in this case?

*J. H. Gordon* and *Geo. A. Pearre* for the appellee:

The main ground of defence in this case is, that the judgment in the former suit is a bar to the recovery in this. It is

not necessary that the defence of a former recovery should be pleaded either in bar or by way of estoppel, but it may be given in evidence under the general issue. All that is necessary is, that the cause of action, damages or demand should be identically the same, and the parties the same. 4 G. & J., 360, Shafer vs. Stonebraker. It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. 3 East, 355, Outram vs. Morewood. In Young vs. Black, 7 Cranch, 565, the defendant offered in evidence a record of a former suit, between the same parties, in which judgment was rendered, supported by parol proof, that the former suit was for the same cause of action as the present suit, and the plaintiff denied its admissibility under the general issue, but the court was unanimously of opinion that the objection could not be supported. One great criterion of the identity of the cause of action is, that the same evidence will maintain both actions. 2 Wm. Bl. Rep., 831, Hitchen vs. Campbell. See, also 1 Starkie on Ev., 262. 2 Smith's Lead. Cases, 442. Broom's Legal Maxims, 135. The question of warranty or no warranty was tried in the first suit upon the note, and was available as a defence to that suit, if believed by the jury, and is therefore a bar to this suit, although the ruling of the court in that case was erroneous. The defendant should have appealed from that erroneous instruction, and had it corrected, and his failure to do so, gives him no right to bring a new suit. . The case of Smith vs. Whiting, 11 Mass., 445, decides that "though the court may have decided wrong in rejecting the evidence in the former suit, yet a new action was not the way to remedy the misfortune. Exceptions might have been filed to the opinion of the judge, or a new trial might have been had upon petition. The very evidence now relied on was offered, and an adjudication had upon it. A rehearing of the same action may be proper, but to sustain a new action, would be to throw all judgments into uncertainty and confusion." In the case of Wood vs. Jackson, 8 Wend., 43, 45, 46, Senator Seward has elaborately and ably discussed the whole law relating to former recovery, and placed it on correct grounds. See, also, 3 Cowen, 125, Gardner vs. Buckbee. 2 Bing., 377, Stafford

*vs. Clark.* 1 *Greenlf. on Ev.*, sec. 534.   The cases of *Cline & Francis, vs. Miller,* 8 *Md. Rep.*, 286, and of *Perley vs. Balch,* 23 *Pick.*, 283, show that the law is now settled, that as between the parties to a promissory note, a *partial failure* of consideration may be relied on as a defence.   In the latter case it was held, that if the purchaser of a chattel give his note for the price, he may avail himself of a partial failure of consideration, or of deception in the quality or value of the chattel, or of a breach of warranty, to reduce the damages, in an action brought by the vendor upon such note, and he is not obliged to resort to a separate action for the deceit, or upon the warranty.   The breach of warranty now sued on, was, therefore, a proper defence to the former action on the note, and it was relied on and *adjudicated* in that case.   A former judgment is conclusive, not only as to what was decided, but also as to all that could have arisen in the case.   The plaintiff is, therefore, barred from recovering the $220 as money had and received, because he gave it in evidence at the former trial, relied upon it as a defence, and it was available as a set-off under the agreement respecting the pleadings, if the jury had believed the defence set up.   If the position here maintained is correct, the plaintiff is not entitled to a *procedendo,* even if the judgment should be reversed.

*Note.*—The argument on both sides, upon the other questions in the case, is omitted.

ECCLESTON, J., delivered the opinion of this court.

On the 19th of March 1847, Abraham Brown, the intestate of the present defendant, instituted an action of assumpsit against the present plaintiff, upon a promissory note for $289.14.

It was agreed that the defendant might plead *non-assumpsit,* and offer "the special matter in evidence, as fully as if he had specially pleaded the same or given notice thereof to the plaintiff."

The note was given in consideration of a contract in relation to 69 barrels of beef.   Brown alleged the contract to be an absolute sale of the beef at $7.50 per barrel.   Beall contended there was no sale, but that the beef was left with him

to sell for Brown on commission; that it was estimated at $7.50 per barrel, on account of which, he, Beall, advanced to Brown, in cash, $220, and gave him the said note; and that Beall was to have all he could sell the beef for over $7.50 per barrel, and all that it sold for under that price Brown was to make up by crediting the same on the note. It was alleged by Beall, that Brown falsely represented the beef to be of good quality, and that it would pass as No. 1, in Baltimore; whereas it was then *slippery*, (which is the incipient stage of decomposition or decay,) and finally turned out to be so bad, that after diligent efforts to sell the same, the whole only produced $3.57, beyond the expenses of sales.

Brown claimed the full amount of the note, and offered evidence to support his right to recover the same. Beall offered proof to sustain his defence, which was based upon the allegation, that the note had been given on account of the beef, which, at the time of the contract, the plaintiff falsely represented to be in good condition, and would pass as No. 1 in Baltimore, he then knowing it to be unsound, and Beall being then ignorant of the unsound condition of the beef.

The defendant, Beall, prayed the court to instruct the jury, that if they believed the beef was left with the defendant to sell for the plaintiff, or to do the best the defendant could with the beef; that the plaintiff obtained the note on which the suit was brought, from the defendant, by falsely pretending and alleging that the beef was of good quality, and would pass No. 1 in Baltimore, and that all he wanted with the note was, to show his partner what disposition he had made of the cattle; and that whatever the beef sold for, less than seven dollars and fifty cents per barrel, he would credit on the note; such false representations would be a fraud on the defendant; and if the jury should believe that the defendant, in consequence of such false representations, gave the said note, the plaintiff was not entitled to recover on said note.

This prayer the court refused to give, "upon the ground, that, from the evidence in the cause, it appears that the defendant, after he discovered the false representation, (if any,) acted upon the arrangement made between the parties at the time the note was obtained, and did not elect to return or

offer to return the beef and rescind the contract, and that he thereby affirmed the contract of bailment, and the plaintiff is entitled to recover upon the note, allowing to the defendant a deduction therefrom, whatever the beef sold for under the sum of $7.50 per barrel; provided the jury shall believe from the evidence, that the amount the beef sold for, less than the said sum, did not result from the fault or negligence of the defendant; unless the jury shall also believe from the evidence, that at the time the said note was given, the beef was so spoiled or defective that it could not, without the fault or want of diligence of the defendant, be sold for anything."

The alternative intended to be provided for commencing with the word "unless," is not quite so explicitly stated as it might have been; but we understand the meaning of the court in the entire instruction, to be, that looking at the contract as one of bailment, then, in view of the circumstances presented in the first portion of the instruction, if believed by the jury to be true, the plaintiff would be entitled to recover upon the note such balance thereof as should remain, after allowing the defendant a deduction from the amount of the note, for whatever the beef was *sold* for, less than $7.50 per barrel; provided the loss on selling the same did not result from the fault or negligence of the defendant; unless the jury believed, that at the time of giving the note the beef was so spoiled or defective, that without fault or want of diligence on the part of the defendant, it could not be sold for anything, and then, as there would be a total failure of consideration, the plaintiff could not recover on the note. In the last contingency mentioned in the instruction, the court must be understood as meaning, either, that the plaintiff was not entitled to recover, or else, as meaning what is equivalent to it, which is, that the defendant was entitled to a deduction from the note for the beef, at $7.50 per barrel.

At the instance of the counsel for Brown, the court instructed the jury, that if they believed any article, other than the beef, was sold by Brown to Beall, and that such article formed a part of the consideration for which the note in dispute was given, and that such article was of value, then the plaintiff was not precluded from recovering on the note.

The court likewise instructed the jury, at the instance of the

plaintiff's counsel, that if they believed the beef was sold and delivered by the plaintiff Brown, to the defendant Beall, and although they should believe that the plaintiff made representations to the defendant as to the quality and condition of the beef at the time of sale, knowing them to be false, yet if they believed that the beef was of *some* value, and that the defendant, after he discovered that the representations so made to him by the plaintiff were not true, dealt with the beef as his own, and sold it without returning the same or offering to return it to the plaintiff; that "such facts did not constitute a defence or bar to the recovery upon the note;" notwithstanding they might believe that at the time of the sale, the plaintiff made such false representations, knowing them to be false.

The verdict and judgment were in favor of the plaintiff, Brown, for the full amount of the note; which judgment was rendered on the 10th day of May 1849.

On the 1st of March 1850, Beall filed a bill on the equity side of Allegany county court, and obtained an injunction against all further proceedings on the said judgment. The bill of exceptions taken on the trial at law, including the instructions granted by the court, was filed as an exhibit with the bill, and after answer and proof, the court below dissolved the injunction and dismissed the bill. From this decision Beall appealed, and this court affirmed the decree. See 7 *Md. Rep.*, 393, *Beall vs. Brown.*

Brown has since died, the present defendant, George A. Pearre, has taken out letters of administration on his estate, and this action has been instituted against him by Beall, to recover damages upon the alleged breach of warranty, in relation to the sixty-nine barrels of beef mentioned in the former suit.

The first count in the *nar.* sets out a sale of sixty-nine barrels of beef, on the 20th of February 1846, to Beall by Brown, the latter warranting the beef to be sound, and that it would pass inspection as No. 1 beef in Baltimore, whereas it was unsound and would not pass inspection as warranted.

The second count alleges, that Beall took the beef to sell for Brown, that Brown warranted and represented the same to be sound, and would pass inspection as beef No. 1 in Baltimore; that Brown falsely and fraudulently induced Beall to

take the beef from him for sale, and account to him for the same at $7.50 per barrel; that at the time of the agreement Beall accounted with Brown at the above price, and paid him $220 in cash, and also gave him his note, at 90 days, for $289.14, as a further advance on the beef; that Beall was to have for his service and trouble in selling, all he could obtain on the sale, over the sum of $7.50 per barrel. This count also alleges, that the beef was unsound and spoiled.

The third count charges, that Beall purchased the beef of Brown, at $7.50 per barrel; that it was agreed that Brown should deliver the beef, and that Beall should accept it, and pay for the same at that price. That at the time of sale Brown warranted the beef to be sound, and that it would pass as No. 1 beef in Baltimore. That Beall was to sell the beef, and retain for himself all he could sell it for over $7.50 per barrel, for his trouble and service; and whatever the beef should sell for less than $7.50 per barrel, Brown agreed to repay to Beall, and that he should lose nothing by the operation. It is also alleged, that Brown delivered the beef, and Beall paid him $220 in cash, and gave him his note for $289.14; that on the 15th of June 1846, "it proved and was manifest that the said beef at the time of said agreement, and also on the day and year last aforesaid, was and remained unsound and spoiled, and was not of a quality to pass as beef No. 1 in Baltimore." That Beall offered the beef in Allegany county, and failing to sell, he transported it to Baltimore, and made diligent efforts to sell the same, but the beef proved worthless, and he only realized $3.57 beyond the cost of sales.

The fourth count is for money had and received.

The first plea is, *non-assumpsit,* on which issue is taken.

There are other pleas, but it is needless to mention them, inasmuch as the issue upon the first includes the defence on which the case will be decided.

The following is an agreement made between the parties:

"We agree in this case, that the evidence offered in a former case of *Brown vs. Beall,* in reference to the same subject matter, shall be read and received in evidence in the trial of this case, as taken down in the trial of the said case of *Brown vs. Beall,* including the letters of Sewell, Janney and Owings,

with all papers and accounts as received in said trial, subject to the same exceptions, which either party could have made to the said evidence at the trial when it was taken. The said letters of Sewell, Janney and Owings, to be received in evidence, as they were on the said trial. Either party shall be at liberty to offer such other testimony as he may deem proper and shall be admissible by the same or other witnesses."

The parties also agreed, "that the clerk of the Circuit court for Allegany county, in making out the record for the Court of Appeals, shall not copy out the proceedings in the chancery case of *Beall vs. Brown,* which went to the Court of Appeals, as mentioned in the bill of exceptions; but shall insert in the record this agreement, and the record of said case in the Court of Appeals, shall be used as though it were fully set out in the record; neither shall the clerk of the Court of Appeals, in copying this present record insert the said chancery case."

Beall, the plaintiff, read the evidence taken in the case of *Brown vs. Beall,* in the suit upon the note, as found in the printed record in the chancery case of *Beall vs. Brown.* He also gave some additional evidence, by two of the witnesses who were examined in the former case at law. Their additional evidence, however, relates to the same matters involved in that suit.

The present defendant offered in evidence the proceedings and verdict and judgment, including the evidence set out in the bill of exceptions, in the case of *Brown vs. Beall,* on the note, and all the papers in said case, including the agreement of counsel as to pleadings.

As a ground of defence to the present action, the appellee says, the plaintiff claims damages for an alleged breach of warranty, in regard to the quality and condition of the beef in dispute; when it is manifest that the same breach of warranty was relied upon by him as a ground of defence in the former suit against him, on the note. It is insisted that the claim now presented, was made as a defence in the former case, was considered and decided adversely to Beall, and, therefore, he cannot now recover upon such a demand.

It is not pretended that any issue made by the pleadings shows that this question upon the warranty was presented, but it is alleged the evidence shows that it was presented and de-

cided. If this be true, it is a good defence. In *Shafer vs. Stonebraker*, 4 *G. & J.*, 360, the court say: "We conceive, therefore, it may be stated as a general rule, that a verdict and judgment upon the merits in a former suit, is, in a subsequent action between the same parties, where the cause of action, damages or demand is identically the same, conclusive against the plaintiff's right to recover, whether pleaded in bar or given in evidence under the general issue, where such evidence is legally admissible; and that such prior verdict and judgment need not be pleaded by way of estoppel." See, also, *Garrott vs. Johnson*, 11 *G. & J.*, 173, 182.

In reply to this ground of defence, Beall says, although the proof may show that he gave evidence to support his defence in the former suit, on account of a breach of the warranty, yet, whether he was entitled to such a defence, by his proof, never was submitted to, or decided by, the jury. They were instructed, that if they believed the beef was *sold and delivered* by Brown to Beall, and it was of *some* value, then, although the former may have made false representations in regard to the quality and condition of the beef, knowing them to be false, and Beall dealt with it and sold it as his own, he could not claim any deduction from the amount of the note. The court held the rule of law to be, that in a suit upon a promissory note, the maker could not reduce the note by proof of a partial failure of consideration. Such being the law, as announced by the court, and the jury having given a verdict for the full amount of the note, the present plaintiff assumes that the jury decided the contract in relation to the beef was a *sale*, and consequently they never did decide upon the merits of his defence, in the former suit; the instruction of the court having withdrawn from them any consideration of a question in reference to a breach of warranty, in the event of their finding the contract to be a *sale*, that the beef was of *some* value, and that he, Beal, dealt with it as his own, and sold it, without returning or offering to return it. Under these circumstances Beall's counsel insists, that in the rendition of the former verdict, it not only does not appear that the jury passed upon the merits of his present claim, but it appears they did not. Admitting (without deciding) this to be true, why was it so? The

answer given to this question by the party is, that the decision of the court necessarily withdrew the consideration of this claim from the jury.   If, therefore, the jury did not, the court did, decide upon it.   And we can see no good reason why a decision of a court upon a claim in a former action, is not as effectual a bar to a recovery in another suit, upon the same cause of action, as that of a jury.

The ruling of the court, we think, was erroneous.   If the note was given for the beef, although the contract was a sale, yet the maker of the note had a legal right to insist upon either a total or partial want or failure of consideration, in defence, according to the extent of his proof.   *Cline & Francis, vs. Miller,* 8 *Md. Rep.,* 285, 286.

If, however, the court gave a wrong instruction, that could not confer upon the injured party the right to bring another suit upon the same claim.   He might have appealed, and had the error corrected.

In *Smith vs. Whiting,* 11 *Mass. Rep.,* 445, it was held, that a second action cannot be maintained upon evidence once offered and rejected in the trial of a like action between the same parties.   Speaking for the court, C. J. Parker says: "Although the court may have decided wrong in rejecting the evidence in the former suit, yet this is not the way to remedy the misfortune.   Exceptions might have been filed to the opinion of the judge, or a new trial might have been had." And it is likewise said: "In the case at bar, the very evidence now relied on *was* offered, and an adjudication had upon it. A rehearing of the same action may be proper; but to sustain a new action, would be to throw all judgments into uncertainty and confusion."

In *Grant vs. Button,* 14 *Johns. Rep.,* 377, it was decided by the Supreme Court, in New York, that "matter which was properly offered as a defence in a former action, and rejected, cannot be made the subject of a new suit."

The law is adverse to multiplying suits; and if a party has a choice between two actions upon the same demand, and he selects one, which is decided by a competent tribunal, either for or against him, as a general rule, he will not be permitted to resort to the other.

Beall's counsel has insisted, through the whole course of his argument, that in consequence of the instruction given by the court upon the theory of a sale, the jury certainly decided the contract in relation to the beef, to be a sale    They may have done so.    But it is not perfectly certain they did.    The court's instruction, provided they believed Beall was to sell the beef for Brown, did not take from the jury the consideration of the proof on the subject of warranty; on the contrary, it expressly authorized them to make such deduction from the note as the evidence in relation to the warranty would satisfy them was proper to be allowed.    The court having submitted to them the inquiry, whether Beall received the beef to sell for Brown, and in case of their believing he did, then the inquiry, what deduction from the note Beall was entitled to on account of the warranty, it cannot be considered as free from all doubt that the jury decided the contract to be a sale to Beall.    And if they found that he received the beef to sell for Brown, they could not have rendered a verdict for the full amount of the note, (as they did,) without *deciding upon,* and adversely to, Beall's claim for any allowance on account of the alleged breach of warranty.

The verdict, however, may have been rendered by the jury, believing the contract was a sale.    And if they so believed, then the instruction of the court on that hypothesis, was a decision upon, and adverse to, the claim of Beall, which authorized the jury to find a verdict for the former plaintiff's entire claim, allowing no part of that of the defendant.    We, therefore, think, that in whatever aspect the former suit can be properly viewed, it does appear that Beall's claim, upon the same breach of warranty now sued upon by him, was decided.    That it was put in issue, has not been, and cannot be, denied.    Nor has it been pretended that, in any stage of the proceedings, any application or effort was made to withdraw the claim.

If there was a warranty, and a breach of it, Beall had a legal right to avail himself of such a claim, in the first suit, by way of recoupment, in opposition to the note, even if the beef, for which it was given, was of *some* value, provided the jury believed the value of the beef included in it was less than the

Beall *vs.* Pearre, Adm'r of Brown.

amount of the note.   And if Beall was denied his right to re-coupment in consequence of an erroneous instruction from the court to the jury, he might have corrected that error by appealing.   Having failed to seek the redress which the law afforded him, he is not entitled to relief in a new suit.

It will be seen that the claim relied upon by the former defendant was an entirety, and not consisting of different elements or items, depending upon different proof.   It was based upon an alleged breach of warranty, the damages for which were unliquidated.   And those damages, if the defendant was entitled to any, could not, with any degree of certainty, be assumed to be the difference between the price of the beef agreed upon originally, and the price or amount for which it was finally sold.   For among other considerations, in estimating the damages, it would be proper for the jury to ascertain whether any, and, if any, what amount of loss on the final sales, resulted from negligence or want of care on the part of Beall.   The rejection of such a claim by an adverse decision, precludes any recovery upon it in a subsequent suit between the same parties.

In the present suit, the court instructed the jury, "that if they should, believe from the evidence, that the beef in the declaration mentioned was deposited with Beall to be sold on commission, then their verdict must be for defendant; but that if they should believe that the beef was absolutely sold with warranty, then they might find for plaintiff."

There was error, we think, in giving this instruction.   By it the court told the jury they *must* give a verdict for the defendant, if they believed the beef was deposited with Beall to be sold on commission; and this they were told without any thing being said in reference to the terms on which they might have believed the deposit was made.

For this error the judgment will be reversed.   But having come to the conclusion that the now plaintiff cannot recover in this action, there will be no *procedendo*.   It is, therefore, needless to examine the other questions presented in the record.

*Judgment reversed, and no procedendo awarded.*

(Decided January 26th, 1859.)