## ROBERT M. BROOKE *vs.* MARY A. J. GREGG, by Her Next Friend, SAMUEL GREGG, et al.

*Plea of Res Adjudicata in Action of Ejectment—Demurrer.*

The action of ejectment lies to determine the right to the possession of land, and a plaintiff, who may not have been entitled to recover at one time, may be authorized to maintain an action subsequently. The defendant in an action of ejectment pleaded that at a former term of Court "a case was tried in which the plaintiffs in this case were plaintiffs and the defendant in this case, was defendant, the said case being an action of ejectment to recover the same land

claimed in the declaration in this case, and the judgment of said Court was for the defendant." *Held*, upon demurrer, that this was insufficient as a plea of *res adjudicata*, because it does not allege that the former judgment was rendered on the same cause of action, and fails to set forth the nature of the plaintiff's claim of title in the former case, whether in fee, for life, or for a term of years.

Appeal from the Circuit Court for Prince George's County.

The cause was submitted to the Court on briefs by :

*C. C. Magruder* and *Joseph S. Wilson*, for the appellant.

*Ralston & Siddons*, for the appellee.

PAGE, J., delivered the opinion of the Court.

This is an action of ejectment brought by the appellees to recover certain real property situate in Prince George's County. The appellant pleaded not guilty and *res adjudicata*. To the second plea the appellees demurred, and the Court having sustained the demurrer and the judgment being for the plaintiff, the defendant has appealed.

The second plea is as follows : " That at the October term, 1896, of the Circuit Court for Prince George's County, a case was tried before the Court in which the plaintiffs in this case were plaintiffs, and the defendant in this case was defendant, the said case being an action of ejectment to recover the same land claimed in the declaration in this case, and intervening rents and profits, and the judgment of said Court was for the defendant." The record of the case, thus referred to, was not in any manner before the lower Court, otherwise than as was set forth in the plea. It has been inserted in the record in this appeal, not as having been a part of the proceedings in this case, but was " added " thereto at the " request of the plaintiffs' attorneys." The proceedings in that case not having been specifically set out in the plea, the questions now presented to this Court must be determined upon the averments of the plea, without ref-

erence to anything that might have appeared, if the record of the former case were properly a part of this record.

At common law, the action of ejectment could only be used to recover the possession of real property. It was a very peculiar mode of proceeding. Both the plaintiff and defendant were fictitious persons. John Doe, the fictitious plaintiff, was supposed to have had demised to him a term of years by the claimant, who by reason thereof became the real plaintiff. A fictitious notice, supposed to have been signed by Richard Roe, the imaginary defendant, was then served upon the party in possession, who was thereupon permitted to appear and defend, upon entering into the consent-rule, by which he admitted the lease, entry and ouster of the fictitious plaintiff. The judgment amounted to a " recovery of the possession (not of the seizin or freehold), without prejudice to the right, as it might afterwards appear, even between the same parties." *Atkins* v. *Horde*, 1 Burr. 114; *Jackson* v. *Dieffendorf*, 3 Johnson, 270.

By the structure of such an action and the pleadings herein, the title of the freehold was never directly put in issue, but only a trespass committed by John Doe on Richard Roe in forcibly expelling him from a term of years. Nor could it be decisive between the real parties, because it was always in the power of the party failing, whether claimant or defendant, to bring a new action by the employment of other fictitious parties. *Adams on Ejectment*, 351 (marg.); *Miles* v. *Caldwell*, 3 Wall. 35; *Sturdy* v. *Jackaway*, 4 Wall. 174; *Walsh* v. *McIntyre*, 68 Md. 420; *McKenzie* v. *Renshaw*, 55 Md. 299.

But these reasons cannot be made to apply to the action of ejectment as it now exists in this State. By the Code, Art. 75, sec. 69, its " fictitious scaffolding " has been absolutely abolished. Now, the action is conducted in the names of the real parties. The " real claimant " is named as plaintiff, and the "party claiming adversely to the plaintiff," or "the tenant in possession," shall be defendant. It is sufficient to set out in the declaration, that the plaintiff was

in possession, and the defendant ejected him and retains possession, and the amount of damages. The general issue plea is "not guilty," which admits the possession and ejectment of the plaintiff and puts in issue only the title to the premises, the right of possession and the amount of the damages. Thus "the action now is resolved into a simple inquiry into the validity of the plaintiff's claim to the possession of the land in dispute, and the judgment possesses the quality of conclusiveness, which belongs to other judgments between the same parties." 1 *Poe Pleading & Practice*, sec. 258; *Freeman on Judgments*, sec. 299. The judgment in a former suit is, in a subsequent action between the same parties, conclusive in the same manner and to the same extent, in actions of ejectment as in other actions. It may be pleaded in bar, or given in evidence under the general issue. *Beal* v. *Pearre, Admr., &c.*, 12 Md. 550. A former judgment could have been offered in evidence by the appellant in this suit, under his plea of not guilty. He was not materially injured, therefore, by the rejection of his second plea. Even if there was error in the ruling of the Court on the demurrer, there would be no sufficient ground for the reversal of the judgment. *Higgins et al.* v. *Carlton*, 28 Md. 137.

But, apart from this, we agree with the learned Judge who decided the case, that the plea is insufficient. To set up a former adjudication in bar of the action by plea or in evidence, every fact necessary to create an estoppel must be alleged or proven. It must appear either that the issue is the same, or that the point controverted in the second trial was essential to the finding of the former verdict. *Whitehurst* v. *Rogers*, 38 Md. 518; *Beale* v. *Pearre, (supra); 9th Enc. of Pleading and Practice*, 622.

The form of the plea of *res adjudicata*, as provided by the Code, Art. 75, sec. 23, sub-sec. 54, contains the allegation "that said judgment was rendered on the same cause of action mentioned in the plaintiff's declaration," &c. The appellant's plea contains no such averment, nor its equiva-

lent.   The averment made is that the former case was an action of ejectment between the same parties " to recover the same land claimed in the declaration in this case." But nothing is set forth as to the extent of the plaintiff's claim in the former case'; whether it was a claim of title in fee, for life or for years ; or whether the claim was for a term that has since expired.   *Walsh* v. *McIntyre*, 68 Md. 420.   This was a necessary allegation, without which the plea is bad.

*Judgment affirmed.*

(Decided March 16th, 1899).