————o————

No. 4508.

Court of Appeal, Parish of Orleans.

SUCCESSION OF MRS. MARY PORTER, DECEASED
WIFE OF JAMES MURRAY.

1. The irregular allotment of a cause filed in the Civil District Court for the Parish of Orleans cannot divest the court of jurisdiction or strike with absolute nullity subsequent proceedings.

2. Whatever right the law may accord a tutor of a resident minor to provoke, under circumstances rendering it necessary and on compliance with the formalities of the law, a sale of minor's property, that same right under similar circumstances and upon like compliance with the legal formalities, may be employed and exercised by

the tutor or guardian of a minor residing out of the State, who has been qualified as such in conformity with the laws of the state or country where the appointment was made.

3. An error of the pen in writing the name Frinchard when Trinchard was intended as the person named as under-tutor of minors, especially when Trinchard qualified under the appointment and had for years, and repeatedly, been recognized by the court which appointed him as the person intended to be appointed, may not be urged as a valid ground for invalidating the proceedings of a family meeting at which Trinchard appeared and acted as the under-tutor.

4. The propriety of the appointment of a person by a court of competent jurisdiction of a sister State, as guardian of minors residing in that State, and who has qualified as such guardian in conformity with the laws of the State where the appointment was made, may not be questioned in our courts.

5. With regard to the sale of property of non-resident minors, the "residence" of such minors, for the purpose of partition and for the family meeting, is the *situs* of the property.

Appeal from the Civil District Court, Division "B."

J. B. Rosser, Jr., Attorney for Succession and Appellant.

C. J. Theard, Amicus Curiae.

Dinkelspiel, Hart & Davey, for Civil Sheriff.

MOORE, J. Mrs. Mary Porter, deceased wife of James Murray, died on the 23rd day of April 1896, in the State of Mississippi, where she and her husband and all her heirs resided.

Her heirs were her children, all majors and two grandchildren, the issue of the marriage of her pre-deceased son, William James Murray, with Mrs. Emma Cuillavet. These minors were under the guardianship of their mother, Mrs. Emma Caillavet, widow as aforesaid, she having been duly appointed and qualified as their guardian, under the law of the State of Mississippi.

Mrs. Mary Porter Murry, deceased as aforesaid, left a last will and testament, olographic in form, which had been executed in the State of Mississippi, and which was duly probated in the Chancery Court of Harrison County of that State.

Subsequently, to-wit: On the 5th of July, 1899, and on the petition of James Murry filed in said cause, the children and grand-children aforesaid, of the deceased Mrs. Mary Porter

Murry, were "recognized, respectively, as the sole and only forced heirs at law of said Mrs. Mary Porter Murry, deceased wife of James Murry, and as such sole and only heirs are entitled to inherit in the proportions allowed by law * * * two undivided thirds thereof, or the one undivided third of the whole of the community property situated in the State of Louisiana subject to the usufrict in favor of said James Murry surviving spouse in community * * *." The judgment further recognized James Murry as the surviving spouse in community and as such entitled to the one undivided half of all the community property left by his deceased wife situated in the State of Louisiana and further, "that said James Murry be recognized as legatee of his said wife, under her last will and testament, and as such legatee, entitled to the disposable portion of her estate situated in the State of Louisiana, being one undivided third of the whole thereof, one undivided sixth of the whole ·° the community property situated in the State of Louisiana, also that as surviving spouse in community he is entitled to the usufruct and life enjoyment of the remainder thereof," and as such surviving spouse and legatee the said James Murry was sent into possession of the property.

On the 19th Dec., 1901, Agnes Murry, wife of A. D. Trelor, and one of the major children aforesaid, died, leaving as her sole heirs two minor children, Edgar Josephine Trelor and James Murry Westly Trelor. Their grandfather, the aforesaid James Murry, was duly appointed and qualified as their guardian by the Chancery Court of Harrison County, State of Mississippi.

On the 22nd Jany., 1908, the said guardian of the said minors filed in his representative capacity, in the Civil District Court for the Parish of Orleans and in the proceedings entitled "Succession of Mrs. Mary Porter Murry, etc.," No. 59,748, and allotted to Division B, his petition in which he represents that his said wards "by representation of their deceased mother, Mrs. Agnes Murry, wife of A. D. Trelor, are owners in common with petitioner, their grandfather, Mrs. Mary Allen Murray, widow of Richard Egan and Samuel Tilden Murray respectively, aunts and uncle of said minor children" of the real property described in the petition, which is one of the four lots left by the deceased Mrs. Mary Porter Murry.

The petition further represents "that the interest of said minor children in and to said real estate is one undivided twenty-fourth for each, which one undivided twenty-fourth will not exceed the sum of seventy 30-3-4-100 dollars"; that the other co-owners "desire no longer to hold said property in common with said minor children and have demanded a partition of same by licitation as said property is not susceptible of a convenient division in kind; that as said partition is inevitable he desires, recommends and advises that said property, if sold, be sold at private sale for the purpose of avoiding the extraordinary costs and charges incident to a public sale by auction; that to that end a family meeting in behalf of said minors should be convoked; that they advise and recommend whether such property if sold should be sold at public auction or private sale, and if at private sale, that the family meeting appraise the property as to the minor's share and fix the terms upon which same shall be sold; that the parties named in the petition be designated by the court as those who shall compose the family meeting and that Joseph M. Trinchard, the under-tutor of said minors, be notified to attend said family meeting. The order of court was that the family meeting be held for the purpose stated; that it be composed of the persons named in the petition or any five of them, and that "the *under-tutor* named in the petition be notified to attend."

Similar proceedings were had for the minors Murry represented by the guardian Mrs. Emma Caillavet, and all these were for the purpose of consummating a sale of this particular lot to Arthur McCauley, who had agreed to purchase same for the price and sum of $1,700 for the entire lot, conditioned upon the minor heirs being duly authorized to convey a good and valid title so far as concerns their interest therein.

The family meeting held in the interest of the Trelor heirs found that a partition of the property was necessary, that the lot could not be conveniently divided in kind, that a private sale would be to the best interest and advantage of the minors, that a sale thereof should be made for cash, whereupon they so recommend and advise after appraising the lot at the sum of $1,700 and the share of the minors Trellor therein at $141.66-100. The deliberations of the family meeting were concurred in by the under-tutor, Joseph M. Trinchard, who signed the proceedings

with the members of the family meeting and the proceedings were duly approved, homologated and made the judgment of the Court.

Similar recommendations were made by the family meeting held in the interests of the Murry minors and like homologation and judgment by the Court were had.

Notwithstanding all these proceedings and a tender of title made to the proposed purchaser of the lot, Arthur McCauley, by all the minor heirs and the guardians of the respective set of minor heirs (the Murry minors and the Trellor minors) the said McCauley refused to comply with his agreement to purchase. Thereupon all the owners and proposed vendors sued out a rule on McCauley to compel compliance with his agreement to purchase.

For answer to the rule McCauley admits the agreement to purchase for the price stated, to-wit $1,700 cash, but especially denies "that any good and perfect title to the property referred to has tendered to him for the reason that no valid order of sale in the interest of the minor owners of said property has even been rendered; that the property of absent minors cannot be sold at private sale as attempted; that there has been no partition proceedings so-called and if there were the partition could not be effected in kind or at public auction, that the various owners of the property described in the rule own other property in common and same could be properly divided in kind but no attempt has been made so to do."

There was judgment discharging the rule and the plaintiff's in rule prosecutes this appeal therefrom.

It is learned from the oral and printed argument of the learned counsel for the appellee that the specific reasons why it is that, as alleged generally in the answer, "no valid order of sale of the interest of the minor owners of said property has ever been rendered," are:

1st. That the proceedings looking to the convocation of family meetings in the interest of the respective sets of minors, could not be legally taken in the matter of the succession of Mrs. Mary Porter Murry No. 59,748, Div. B of the Civil District Court for the Parish of Orleans, forasmuch as such proceedings are in the nature of independent actions and must be filed as such and regularly allotted as provided by law; and

—287—

(b)—because, even if such proceedings may, as a general rule, be taken in and as a part of the original succession proceeding, and in the same division of the court, this can be done only when the succession is still open and unsettled, whereas in the instant cause the succession of Mrs. Mary Porter Murry has been closed by the heirs being sent into possession. 2nd. Because Act No. 25 of 1878, which permits minor's property to be sold at a private sale to effect a partition, and under which act the proceedings in the instant cause were had, has no application to, and cannot be employed in cases where, as here, the minors reside out of the State of Louisiana. 3rd. As applicable alone to the Trellor minors it is also urged that the person who appeared at the family meeting and concurred in the recommendations as the under-tutor of the minors, is not the same person who was appointed by the Court as such; and 4th. That the appointment of James Murry, the grandfather of these particular minors as their guardian, was and is an absolute nullity because their father was alive at the time of the appointment and that he should have been appointed their guardian.

There is no merit in any of these contentions.

### I.

Whether the judgment of the 5th July, 1899, which recognized the heirs, fixed their respective interests in the succession and sent James Murry into possession, closed the succession of Mary Porter Murry so that thereafter all proceedings looking to the sale of the minors' property in order to effect a partition, should have been filed as independent proceedings and regularly allotted and not filed and sent to judgment in the matter of the succession of Mary Porter Murry and in Division B of tne Civil District Court, is a matter which may not now be inquired into.

If the allotment at the time was irregular, its irregularity is cured by the absence of any one timely objecting thereto. The Court itself had undoubted jurisdiction of the cause, the irregular allotment presenting no jurisdictional question in its ordinary sense.

In a case somewhat similar to the instant cause the Court said:

"If the allotment was irregular it cannot now divest the

jurisdiction or strike the anterior or subsequent proceedings with abso'ute nullity. James vs. Mayers 43 A. 38.

And in Byrnes vs. Byrnes, 115 La. 275, which was in reference to a partition proceeding between heirs the Court said:

> "If it was true that the partition proceeding should have been properly referred by the clerk of his own motion to Division A, his action in alloting it to Division B was subject to correction by the parties concerned. His action was not an absolute nullity. In this case there was objection from no quarter and the case went to trial and judgment by acquiescence and consent of all parties. * * * * It is obvious that such objection does not raise a question of 'jurisdiction' in the ordinary sense, for, were it so, consent or acquiescence would not raise it." P. 294.

## II.

There is nothing in either the law or the jurisprudence of this State—so far as concerns the *alienation* of minors' property situated here, which, in the slightest degree, marks a difference or distinction between resident and non-resident minors, whether the alienation of this property is for the purpose of partition or otherwise.

Whatever right the law may accord the tutor of a resident minor to provoke, under the circumstances rendering a sale necessary and on compliance with the formalities of the law, a sale of the minor's property, that same right under similar circumstances and upon like compliance with the legal formalities, may be employed and exercised by the tutor or guardian of a minor residing out of the State, but in the United States, who has been qualified as such in conformity with the laws of the state or country where the appointment was made. Art. 363 C. C., 4 M. 717, 7 La. 543; 8 La. 84; 10 La. 79; 12 A. 168; 41 A. 1100; 43 A. 38; 47 A. 98-1241.

It is argued, however, that the provision of Act 25 of 1878 which permits minors' property to be sold at private sale in order to effect a partition, falls without the general rule and can have no application to the property of minors who reside out of the State of Louisiana, because the act provides that the proceedings of the family meeting recommending such sale, making the appointment and fixing the terms of the sale, must,

in the language of the act, "be homologated by the Judge of Probate of the parish in which said minors reside," which indicates that the act is applicable alone to minors whose residence is in the State.

Where a sale of minor's property is contemplated, whether it be under the act *supra,* or under the general laws and for the purpose of effecting a partition or otherwise, the sale of their property must be recommended by a family meeting and the proceedings of the latter homologated by "the judge," as the expression is used in the various articles of the Civil Code concerning the alienation of minors' property.

By "the judge" is, necessarily, meant the judge of the parish in which the minor resides and where the family meeting is held. Therefore we see that the injunction in the Act of 1878, No. 25, to the effect that the proceedings of the family meeting held in accordance with and under it, must be "homologated by the judge of the parish in which said minors reside," announces no rule peculiar to the alienation of minors' property at *private* sale.

With regard to the sale of property of non-resident minors it has been repeatedly held that, for the purpose of the partition and for the family meeting, the "residence" of such minors was at the situs of the property. James vs. Meyer, 43 A. 38; Johnson vs. Barkley, 47 A. 98; Suc. of Allen, 48 A. 1240.

### III.

The under-tutor of the Trelor minors was appointed on the 27th Nov., 1903, five years before the particular partition proceedings which concern this specific lot of ground involved in the instant cause. The name suggested by the Court at the time appears in the petition as Joseph M. Trinchard. In the order appointing him, it appears patent on its face, that through a slip of the typewriter an F, instead of a T, was produced, making the name read Frinchard instead of Trinchard. As Trinchard the under-tutor qualified as we say in 1903. As such he appeared in this same succession repeatedly as Trinchard and in many judicial proceedings had therein. He was repeatedly recognized by the Court which appointed him to be the person intended to be appointed as the under-tutor of these minors. The objection now urged to the erroneous spelling of his name

—290—

can hardly be regarded as seriously made.

## IV.

With the appointment of James Murry as the guardian of his grndchildren, the Trellor minors, by the Chancery Court of Harrison County, Mississippi, the courts of this State have no concern.

He was duly appointed by the court having the authority to make the appointment; he qualified as the guardian of these minors in conformity with the laws of the State where the appointment was made; and he is, therefore, under the textual provisions of the 363rd Article of the Civil Code, "entitled to sue for and recover any property rights or benefits belonging to the minor in this State," and "without being under the necessity of qualifying as tutor of the minor according to the laws of Louisiana." The propriety of his appointment may not be questioned by our courts.

Our conclusion is that the title tendered is good and valid and that the said Arthur McCauley must specifically perform his contract by taking the property and paying the price.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside, avoided and reversed, and it is further ordered, adjudged and decreed that the rule herein sued out on the 30th day of January, 1903, by James Murry, individually and as guardian of the minors Edna Josephine and James Murry Westly Trellor; of Mrs. Emma Callaivet, widow of William James Murry, and the duly qualified guardian of the minors Edgar Samuel Murry and Robert James Murry; of Mrs. Mary Ellen Murry, widow of Richard Egan and of Samuel Tilden Murry, be and the same is hereby maintained and accordingly the defendant in said rule, to-wit, Arthur McCauley be and he is hereby ordered, commanded and condemned to comply with his agreement to purchase the property fully described in said rule; to sign the act of sale therefore and to pay the agreed price of sale, to-wit the sum of seventeen hundred dollars cash.

The costs of court, below and on appeal, are hereby assessed against the said Arthur McCauley.

## ON REHEARING.

MOORE, J. For the reasons stated in our previous opinion herein handed down on the 25th of January, 1909, it is now ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside, avoided and reversed, and it is further ordered, adjudged and decreed that the rule herein sued out on the 30th of January, 1908, by James Murry, individually and as guardian of the minors Edna Josephine and James Murry Westly Trelor; of Mrs. Emma Caillouet, widow of William James Murry, and the duly qualified guardian of the minors Edgar Samuel Murry and Robert James Murry; of Mrs. Mary Ellen Murry, widow of Richard Egan and of Samuel Tilden Murry, be and the same is hereby maintained and accordingly the defendant in said rule to-wit: Arthur McCauley be and he is hereby ordered, commanded and condemned to comply with his agreement to purchase the property fully described in said rule; to sign the act of sale therefor and to pay the agreed price of sale, to-wit, the sum of seventeen hundred ($1,700) dollars cash.

The costs of court, below and on appeal, are decreed against the said Arthur McCauley.

April 7, 1909.

Rehearing refused June 7, 1909.

Writ refused by Supreme Court June 23, 1909.